UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LETROY HUNDLEY | : | PRISONER |
| | : | NO. 3:02CV1663(RNC)(DFM) |
| VS. | : | |
| | : | |
| CAPTAIN LEEN COMMONO, ET AL | : | OCTOBER 27, 2003 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF EXHAUSTION[1]

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the sole remaining defendant in the above-captioned matter, Officer Pamela Christie, moves for summary judgment in her favor as the plaintiff, a *pro se* inmate, failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

**Facts:**

The plaintiff was involved in an altercation with another inmate on **July 1, 2002.** See Compl.; **Ex. A Incident Report Page 1.** He brings this lawsuit claiming that the defendant, Officer Christie, exhibited deliberate indifference by failing to protect him from assault by another inmate on that date. See Complaint. The complaint alleges that the other inmate was Wendall McLean, and that this incident occurred at the MacDougall-Walker Correctional Institution. See Complaint.

The defendant moves for summary judgment on the basis of the plaintiff's failure to exhaust his administrative remedies as provided in State of Connecticut Department of Correction Administrative Directive 9.6.

---

[1] The defendant moved for permission to file a Motion for Summary Judgment solely on the issue of exhaustion of administrative remedies, reserving her right, if unsuccessful on the

On **July 1, 2002**, the Department of Correction held the plaintiff at MacDougall-Walker Correctional Institution (hereinafter "McD-Walker."). **Exs. B, RT 60 inmate movement screen; C, DiGennaro Aff.; Ex. D, Wollenhaupt Affidavit.** On **July 12, 2002**, the plaintiff was sentenced and began serving that sentence. **Ex. B** On **July 15, 2002**, the plaintiff was transferred to Northern Correctional Institution (hereinafter "Northern"). **Ex. B** The Department of Correction transferred the plaintiff back to McD-Walker on **March 14, 2003**, where he remains today. **Ex. B**

The State of Connecticut Department of Correction (hereinafter "DOC") provides inmate housed within its correctional facilities a grievance procedure. **Exs. E, Administrative Directive 9.6; F; G Administrative Directives 9.6 as previously effective.** Inmates wishing to file a grievance can file a "Level 1" grievance, and, if unsatisfied with the response, can file a "Level 2" grievance. **Exs. E; F; G.** Access to the grievance procedure is limited only as a result of abuse of the Inmate Grievance Procedure. **Exs. E; F; G.** Since at least 1999, Department of Correction policy has required the following:

> 1.<u>Grievance File.</u>  A grievance file shall be maintained at each level for each grievance.  The grievance file shall include a copy of the grievance, each response, and any supporting documents submitted in support of the grievance, presented during investigation, or relied upon in the decision.
> 2. <u>Grievance Log.</u>  The Grievance Log, . . . shall be maintained at each level and shall include the name and number of the grievant, the dates of initial receipt and of the response at that level, a brief description of the problem and the disposition.

**Exs. E; F; G.**

The Grievance Coordinator for McD-Walker, Correctional Counselor Breedlove, logs grievances filed by inmates and maintains copies of both the inmate grievances and the

---

motion regarding exhaustion, to file a summary judgment motion with regard to the merits of the plaintiff's cause of action. This motion was granted by the Court on August 27, 2003.

2

responses, as has been the practice within the Department of Correction for over ten years. **Ex. H, Breedlove Aff.** Breedlove became the Grievance Coordinator at McD-Walker in August of 2000. **Ex. H.** Grievances are maintained for a minimum of five years. **Ex. H.** Counselor Breedlove has reviewed the grievance log for McD-Walker. **Ex. H.** The log indicates no grievance filed by Inmate Letroy Hundley regarding any incident between himself and Inmate Wendall McLean, about Officer Pamela Christie or a separation order at any time within the past five years. **Ex. H.**

Health Services Administrator for McD-Walker. Richard Furey, reviewed the medical grievance log for McD-Walker for all of the dates the plaintiff was housed at McD-Walker, and found that the plaintiff filed no medical grievances at any time during his stay at McD-Walker. **Ex. I, Furey Affidavit.**

As per the Administrative Directive, staff at Northern likewise logs inmate grievances and maintains copies of completed grievance and responses for a period of five years. **Ex. C.** When grievances are received, a copy is provided to the inmate. **Ex. C.** The grievance records maintained a Northern indicate that during the time period he was incarcerated at Northern, inmate Letroy Hundley filed only one non-medical grievance. **Ex. C.** This grievance indicates that Hundley is grieving an incident that occurred on **August 2, 2002. Exs. C; J, Grievance dated August 5, 2002.** Hundley transferred to Northern from McD-Walker on **July 15, 2002. Exs. C; B.** The only non-medical grievance Hundley filed did not reference a fight or assault at McD-Walker, Officer Christie, a separation order, or any incident at all at McD-Walker. **Ex. J.** The only non-medical grievance the plaintiff filed at either McD-Walker or Northern referenced

3

an altercation that happened on August 2, 2002, **after** the plaintiff's transfer to Northern on July 15, 2002. **Exs. C; J; B.**

Hundley did file one medical grievance at Northern as well, which did not complain about a fight or assault at McD-Walker, Officer Christie or a separation order, or any incident at all at McD-Walker. **Ex. D, Wollenhaupt Aff.**

In response to the defendants' Motion to Dismiss on the basis of exhaustion, the plaintiff attached three documents. **Exs. K, 8/13/02; L 9/4/02 Inmate Request Form; M, 9/4/02 Inmate Request Form w/ notation.** The first is a memo from Correctional Counselor Oullet, then Grievance Coordinator at Northern Correctional Institution. **Ex. K, 8/13/02 Memo.** This memo refers to a grievance received at Northern "on August 13, 2002". **Ex. K.** The one non-medical or "line" grievance the inmate has filed was at Northern, and is attached hereto as **Exhibit J.** The grievance is dated August 5, 2002. **Ex. J.** It indicates "Date received" as August 13, 2002. **Ex. J.** It further indicates a date of disposition as August 19, 2002. **Ex. J.** Clearly, this memo does not refer to any grievance other than the grievance referring to an alleged assault by an inmate at Northern, not at McD-Walker. **Ex. J.** The grievance dated August 5, 2002 and received on August 13, 2002 indicates that it is a "Line emergency" grievance. **Ex. J.** In the grievance that is Exhibit J, the plaintiff refers to a "ticket for fighting" that he received. **Ex. J.** The grievance further indicates that it is "Rejected". **Ex. J..** The stated reason for the rejection is:

> Non-grievable issue pursuant to Administrative Directive 9.6., Section 6B#3).
> Actions pursuant to the Code of Penal Discipline, which are appealable through
> the disciplinary procedure provided in Administrative Directive 9.5, Code of
> Penal Discipline

**Ex. J.**

4

Clearly, the memo from Counselor Oullet, **Ex. K.,** applies to Exhibit J. It refers to an emergency grievance received on August 13, 2002 that was the subject of a Disciplinary Report. **Ex. K.**

The Inmate Request Form initiated by the plaintiff on September 4, 2002, does refer to a grievance as to the incident with inmate McLean in July of 2002 when the defendant Officer Christie was on duty. **Exs. L; M.** The first response to this request states only that it has been referred to Counselor Ouellette [sic] for response. The notation response in the corner of the Inmate Request Form attached as Exhibit M is dated "8/19" and states, "On 8/19/02 grievance was rejected due it is being a disciplinary issue." **Ex. M.**

Clearly, the Counselor's response to the Inmate Request Form date September 4, 2002, was to assume that the request related to the only inmate grievance the plaintiff had filed, that pertaining not to the July 1, 2002 altercation but the August 2, 2002 altercation. The notation response in the lower right hand corner refers solely to the grievance that was rejected on August 19, 2002.

**Argument:**

The Prison Litigation Reform Act provides: ***"No action shall be brought*** with respect to prison conditions under Section 1983 of this title, or any other Federal law, *by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."* 42 U.S.C. § 1997e(a) (2000) (emphasis added). In 2001, the United States Supreme Court ruled that the Prison Litigation Reform Act exhaustion requirement does not depend on whether or not any given correctional system has administrative remedies in place that provide money damages. *Booth v. Churner,* 532 U.S. 731 (2001). In 2002, the United

5

States Supreme Court held unanimously that the already unambiguous language of the Prison Litigation Reform Act requiring exhaustion "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (emphasis added).

As the Supreme Court did in *Porter*, this Court may take judicial notice of the State of Connecticut Department of Correction's Administrative Directive 9.6, entitled Inmate Grievances. *Id.* at 521.[2] **Exs. E; F; G.** The Administrative Directive sets forth a multi-level inmate grievance procedure. The Administrative Directive makes clear that, under certain circumstances, an inmate may file an "Emergency Grievance" which correctional officials must respond to within eight hours and follow up in writing within three business days. **Exs. E; F; G,** ¶ 18. In non-emergencies, an inmate may file a Level 1 grievance "within 30 days of the occurrence or discovery of the cause of the grievance." **Exs. E; F; G** ¶ 10. A Level 1 grievance must be responded to within 30 days. **Exs. E; F; G.** *Id.* ¶ 15. If the inmate does not receive a "timely response" to his grievance, he or she may appeal to Level 2. *Id.* ¶ 16. When the Department of Correction notifies an inmate it the disposition of a grievance, it provides directions for appealing to Level 2. *Id.* An inmate choosing to appeal has five calendar days in which to do so. *Id.* ¶ 16. Level 2 grievances which are not responded to are appealable as Level 3 grievances. *Id.* ¶ 15.

---

[2] The federal Courts have frequently taken judicial notice of the State of Connecticut Department of Correction Administrative Directives. *See, e.g., Nieves v. Palumbo,* No. 3:96CV1389(DJS)(TPS), Ruling on Motion to Dismiss, December 17, 1997, attached (taking judicial notice of the State of Connecticut Department of Correction Inmate Grievance Procedure in Administrative Directive 9.6)

6

DEFENDANT,
Officer Pamela Christie

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Lynn D. Wittenbrink
Assistant Attorney General
Federal Bar No. ct08575
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fax: (860) 808-5591
E-Mail: lynn.wittenbrink@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this ≤1th day of October, 2003:

Letroy Hundley, Inmate No. 274106
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080

_____
Lynn D. Wittenbrink
Assistant Attorney General

8

74

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 MAR 11 P 3:07

US DISTRICT COURT
BRIDGEPORT CT

NICHOLAS APONTE,
    PLAINTIFF,

v.  :  CIV. NO. 3:99CV847 (WWE)

EDWARD ARRINGTON, ET AL.
    DEFENDANTS

## RECOMMENDED RULING

On May 8, 2002, defendants moved for judgment on the pleadings under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) on the ground that plaintiff failed to exhaust his administrative remedies. [See Def.s' Mot. (doc. # 65).] Plaintiff objected on the ground that no administrative remedies were "available" to plaintiff. [See Pl.'s Opp. (doc. # 69) at p.2.]

On January 16, 2003, this court issued an order, holding, among other things, that: the failure to exhaust administrative remedies under the PLRA is an affirmative defense in the Second Circuit; the failure to exhaust is not a ground for dismissal unless it is readily apparent from plaintiff's pleadings and/or attachments; if the failure to exhaust is readily apparent, the court should quickly dismiss, sua sponte, and without prejudice, so that plaintiff may pursue his or her administrative remedies before any applicable statute of limitations runs; and, if the failure to exhaust administrative remedies under the PLRA is suggested, but not unambiguously established, by way of a motion to dismiss, the court can and should convert the motion to

dismiss into a motion for summary judgment and order further briefing and/or evidence. [Order re Defendants' Motion for Judgment on the Pleadings, Jan. 16, 2003 (doc. # 72) at pp. 1-2.] See also Torrence v. Pesanti, --- F.Supp.2d ----, 2003 WL 118217 (D. Conn. Jan 10, 2003) (Fitzsimmons, J.).

Recognizing a factual dispute in the parties' memoranda regarding the "availability" of administrative remedies, the court held an evidentiary hearing on February 21, 2003. Defendants argued that the hearing was unnecessary, and in fact unlawful, because it is undisputed that administrative remedies were enacted as of the date of plaintiff's injury and that plaintiff did not use them.[1] Plaintiff, however, argued that "availability" means more than "active and in place" - that there is some element of awareness, notice, and/or practical access to those administrative remedies. Alternatively, defendants argued that any requirement of "notice" or "awareness" was satisfied as a factual matter.[2]

After hearing the testimony of Warden Dzurenda and plaintiff, the court finds the following. Plaintiff was

---

[1] Defendants' position was therefore somewhat different than the one taken in their memorandum, which led the court to note in its ruling that: "Defendants do not dispute [plaintiff's] legal argument [that "availability" encompasses some element of notice], but rather argue that plaintiff admitted being provided with the inmate manual upon admission to the institution." [Order re Defendants' Motion for Judgment on the Pleadings, Jan. 16, 2003 (doc. # 72) at p. 2.]

[2] Defendants called two witnesses: Warden James Dzurenda and plaintiff Nicholas Aponte. Defendants also submitted one exhibit: the New Haven Community Correctional Center Inmate Handbook from 1996.

2

administrative procedures (i.e., the IRFs) at HCC that were "common knowledge" among inmates, which suggests that plaintiff could have discovered similar information on grievance procedures.

The <u>combination</u> of all of these factors leads this court to find that, as a factual matter, administrative remedies were "available" to plaintiff. Because it is undisputed that plaintiff did not exhaust those administrative remedies before filing this action, and because exhaustion is required, <u>see</u> <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002), the court converts plaintiff's motion for judgment on the pleadings into a motion for summary judgment and grants summary judgment in favor of defendants. <u>See</u> Fed. R. Civ. P. 12(c).[4]

## CONCLUSION

Plaintiff's motion for judgment on the pleadings (doc. # 65) is converted into a motion for summary judgment under Rules 12(c) and 56 of the Federal Rules of Civil Procedure, and summary judgment is **GRANTED** in favor of defendants based on plaintiff's failure to exhaust his administrative remedies.

Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of

---

[4] All parties have been given reasonable opportunity to present all pertinent material. <u>See</u> Fed. R. Civ. P. 12(c). Indeed, this was the purpose of the evidentiary hearing, as stated in this court's January 16 Order. [<u>See</u> Order re Defendants' Motion for Judgment on the Pleadings, Jan. 16, 2003 (doc. # 72) at p. 3.]

5

this order. Failure to object within ten (10) days may preclude appellate review. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 2 of the Local Rules for United States Magistrates; Small v. Secretary of H.H.S., 892 F.2d 15 (2d Cir. 1989)(per curiam); F.D.I.C. v. Hillcrest Assoc., 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED at Bridgeport this __7__ day of March 2003.

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

6

# U.S. District Court
## District of Connecticut (New Haven)
### CIVIL DOCKET FOR CASE #: 3:99-cv-00847-WWE

Aponte v. Armstrong, et al
Assigned to: Judge Warren W. Eginton
Referred to: Mag. Judge Holly B. Fitzsimmons
Demand: $0
Lead Docket: None
Related Cases: None
Case in other court: None
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 05/04/99
Jury Demand: Plaintiff
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**
-------------------------

**Nicholas Aponte**　　　　　　　　　　　　represented by　**Nicholas Aponte**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Inmate 240834
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Cheshire Correctional Institution
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　900 Highland Avenue
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Cheshire, CT 06410
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　PRO SE

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Cheryl E. Heffernan**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Law Offices of Cheryl E. Heffernan
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　2842 Old Dixwell Ave.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Hamden, CT 06518
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　203-288-8266
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*TERMINATED: 07/09/2003*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**David A. Slossberg**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(See above for address)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*TERMINATED: 09/25/2001*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*LEAD ATTORNEY*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*ATTORNEY TO BE NOTICED*

V.

**Defendant**
-------------------------

**John J. Armstrong,** *Ind*　　　　　　　represented by　**Matthew B. Beizer**
*TERMINATED: 03/08/2001*　　　　　　　　　　　　　　　　Attorney General's Office
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　MacKenzie Hall
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　110 Sherman St.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Hartford, CT 06105-2294
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　860-808-5318
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*TERMINATED: 03/08/2001*

10/24/2003

| Filing Date | # | Docket Text |
|---|---|---|
| 05/04/1999 | 1 | MOTION by Nicholas Aponte to Proceed in Forma Pauperis (Sbalbi, B.) (Entered: 05/07/1999) |
| 05/04/1999 | 2 | COMPLAINT (Sbalbi, B.) (Entered: 05/07/1999) |
| 05/04/1999 | 3 | Prisoner Authorization Form by Nicholas Aponte (Sbalbi, B.) (Entered: 05/07/1999) |
| 05/04/1999 | 4 | MOTION by Nicholas Aponte for Appointment of Counsel (Larsen, M.) (Entered: 07/15/1999) |
| 07/19/1999 |  | ENDORSEMENT granting [1-1] motion to Proceed in Forma Pauperis ( signed by Mag. Judge Holly B. Fitzsimmons ) (Jaiman, R.) (Entered: 07/20/1999) |
| 07/20/1999 |  | **Prisoner case category updated (admin) (Entered: 07/20/1999) |
| 08/12/1999 | 5 | RULING and ORDER dismissing the complaint without prejudice to reopening within 30 days of the date of this order by filing a motion to reopen accompanied by an amended complaint identifying at least one of the John Doe defendants ( signed by Judge Warren W. Eginton ) (Larsen, M.) (Entered: 08/12/1999) |
| 08/17/1999 | 6 | JUDGMENT. It is ORDERED and ADJUDGED that the complaint is dismissed without prejudice and the matter closed. ( signed by Clerk ) (Larsen, M.) (Entered: 08/17/1999) |
| 08/17/1999 |  | Case closed (Larsen, M.) (Entered: 08/17/1999) |
| 09/22/1999 | 7 | MOTION by Nicholas Aponte to Reopen case (Jaiman, R.) (Entered: 09/23/1999) |
| 10/07/1999 |  | ENDORSEMENT granting [7-1] motion to Reopen case ( signed by Judge Warren W. Eginton ) (Jaiman, R.) (Entered: 10/08/1999) |
| 10/07/1999 |  | Case reopened re: [7-1] motion to Reopen case by Nicholas Aponte (Jaiman, R.) (Entered: 10/08/1999) |
| 10/07/1999 | 9 | AMENDED COMPLAINT by Nicholas Aponte adding Edward Arrington, Ruiz, Benard, Green, Gomez, Maloney amending [2-1] complaint; jury demand (Jaiman, R.) (Entered: 10/25/1999) |
| 10/14/1999 | 8 | Order directing the plaintiff to complete and return within 20 days of |

10/24/2003

| | | |
|---|---|---|
| | | the date of this order USM-285 forms for John Amrstrong, Edward Arrington, Correctional Officer Ruiz, Correctional Officer Bernard, Corectional Officer Green, Correctional Officer Gomez and Correctional Officer Maloney. Upon receipt of the USM-285 forms the Clerk is directed to forward the appropriate papers to the U.S. Marshal to serve the complaint on the defendants. ( signed by Mag. Judge Holly B. Fitzsimmons ) (Jaiman, R.) (Entered: 10/18/1999) |
| 10/14/1999 | | CASE referred to Mag. Judge Holly B. Fitzsimmons (Jaiman, R.) (Entered: 10/18/1999) |
| 11/05/1999 | | NOTICE of Lawsuit and Request for Waiver of Service for Summons issued and handed US Marshal for service in accordance with [8-1] order (Jaiman, R.) (Entered: 11/05/1999) |
| 12/13/1999 | 10 | MARSHAL'S return of service on complaint executed as to Green on 12/2/99 individual capacity; waiver of service of summons attached (Jaiman, R.) (Entered: 12/20/1999) |
| 12/13/1999 | 11 | MARSHAL's return unexecuted on complaint as to Maloney individual capacity; no response to mail service (Jaiman, R.) (Entered: 12/20/1999) |
| 03/27/2000 | 12 | APPEARANCE of Attorney for John J. Armstrong, John Doe, Edward Arrington, Ruiz, Benard, Green, Gomez, Maloney -- Matthew B. Beizer (Larsen, M.) (Entered: 03/28/2000) |
| 03/27/2000 | 13 | MOTION by John J. Armstrong, John Doe, Edward Arrington, Ruiz, Benard, Green, Gomez, Maloney to Dismiss (Brief Due 4/17/00 ) (Larsen, M.) (Entered: 03/28/2000) |
| 03/27/2000 | 14 | MEMORANDUM by John J. Armstrong, John Doe, Edward Arrington, Ruiz, Benard, Green, Gomez, Maloney in support of [13-1] motion to Dismiss (Larsen, M.) (Entered: 03/28/2000) |
| 04/07/2000 | 15 | MARSHAL's return unexecuted on complaint as to John J. Armstrong, Edward Arrington, Benard, Gomez, Ruiz individual capacity: no response to mail service (Jaiman, R.) (Entered: 04/17/2000) |
| 05/30/2000 | 16 | MOTION by Nicholas Aponte for Appointment of Counsel (Jaiman, R.) (Entered: 06/02/2000) |
| 07/07/2000 | 17 | (MOTION) to resumbit RESPONSE by Nicholas Aponte to [13-1] motion to Dismiss by defendants (Jaiman, R.) (Entered: 07/11/2000) |
| 07/13/2000 | 18 | MEMORANDUM of Decision denying [13-1] motion to Dismiss |

10/24/2003

| | | |
|---|---|---|
| | | ( signed by Judge Warren W. Eginton ) 2 Pages(s) (Larsen, M.) (Entered: 07/13/2000) |
| 07/13/2000 | 19 | RULING denying without prejudice [16-1] motion for Appointment of Counsel ( signed by Mag. Judge Holly B. Fitzsimmons ) 2 Page(s) (Larsen, M.) (Entered: 07/18/2000) |
| 08/04/2000 | 20 | FIRST SCHEDULING ORDER setting Discovery cutoff 11/4/00 ; Dispositive Motions due 12/4/00 ; Answer due 9/4/00 for Maloney, for Gomez, for Green, for Benard, for Ruiz, for Edward Arrington, for John Doe, for John J. Armstrong ( Signed by Mag. Judge Holly B. Fitzsimmons ) (Jaiman, R.) (Entered: 08/08/2000) |
| 08/30/2000 | 21 | MOTION by John J. Armstrong, John Doe, Edward Arrington, Ruiz, Benard, Green, Gomez, Maloney to Dismiss (Brief Due 9/20/00 ) (Larsen, M.) (Entered: 09/07/2000) |
| 08/30/2000 | 22 | MEMORANDUM by John J. Armstrong, John Doe, Edward Arrington, Ruiz, Benard, Green, Gomez, Maloney in support of [21-1] motion to Dismiss (Larsen, M.) (Entered: 09/07/2000) |
| 09/21/2000 | 23 | MOTION by Nicholas Aponte to Amend [9-1] complaint by Nicholas Aponte (Brief Due 10/12/00 ) (Jaiman, R.) (Entered: 09/26/2000) |
| 09/21/2000 | 24 | MEMORANDUM by Nicholas Aponte in opposition to [21-1] motion to Dismiss by defendants (Jaiman, R.) (Entered: 09/26/2000) |
| 10/10/2000 | | Filing Fee Paid; FILING FEE $ 150.00 RECEIPT # B000955 (Jaiman, R.) (Entered: 10/11/2000) |
| 10/23/2000 | 25 | MOTION by John J. Armstrong, John Doe, Edward Arrington, Ruiz, Benard, Green, Gomez, Maloney to Extend Time for 30 days to respond to the plaintiff's request for interrogatories and production of docuents (Jaiman, R.) (Entered: 10/25/2000) |
| 10/31/2000 | 26 | MOTION by Nicholas Aponte to Compel discovery (Brief Due 11/21/00 ) (Jaiman, R.) (Entered: 11/06/2000) |
| 10/31/2000 | 27 | AFFIDAVIT by Nicholas Aponte Re [26-1] motion to Compel discovery by Nicholas Aponte (Jaiman, R.) (Entered: 11/06/2000) |
| 10/31/2000 | 28 | MEMORANDUM by Nicholas Aponte in support of [26-1] motion to Compel discovery (Jaiman, R.) (Entered: 11/06/2000) |
| 11/14/2000 | | ENDORSEMENT granting [25-1] motion to Extend Time for 30 days to respond to the plaintiff's request for interrogatories and production of docuents ( signed by Mag. Judge Holly B. Fitzsimmons ) (Jaiman, |

10/24/2003

| | | |
|---|---|---|
| 03/27/2001 | 40 | MEMORANDUM by John J. Armstrong, John Doe, Edward Arrington, Ruiz, Benard, Green, Gomez, Maloney, Angel Martinez, Michael Lynch, Roxanne Ellis, Stephen J Acerbo, Major Harris in support of [39-1] motion to Dismiss the amended complaint (Jaiman, R.) (Entered: 03/28/2001) |
| 03/27/2001 | 41 | RULING and ORDER granting [37-1] motion to Extend Time to 3/21/01 to file an amended complaint, [26-1] motion to Compel discovery under advisement, [33-1] motion to Compel discovery under advisement, granting [31-1] motion to Extend Time to perform and resolve discovery disputes, set Discovery deadline to 5/27/01 ( signed by Mag. Judge B. Fitzsimmons ) 2 Page(s) (Jaiman, R.) (Entered: 03/28/2001) |
| 04/09/2001 | 42 | MOTION by Nicholas Aponte to Extend time to 5/2/01 to respond to motion to dismiss (Jaiman, R.) (Entered: 04/19/2001) |
| 04/10/2001 | 43 | Telephone Status Conference held ( HBF) (Beverly, T.) (Entered: 04/20/2001) |
| 04/25/2001 | | ENDORSEMENT granting [42-1] motion to Extend time to 5/2/01 to respond to motion to dismiss, Brief Deadline set for 5/2/01 [39-1] motion to Dismiss the amended complaint ( signed by Mag. Judge Holly B. Fitzsimmons ) (Jaiman, R.) (Entered: 04/30/2001) |
| 05/08/2001 | 44 | MOTION by Nicholas Aponte to file a late memorandum (Brief Due 5/29/01 ) (Jaiman, R.) (Entered: 05/18/2001) |
| 06/13/2001 | 48 | Telephone Status Conference held ( HBF) (Kolesnikoff, D.) (Entered: 06/28/2001) |
| 06/22/2001 | 45 | MEMORANDUM of Decision denying [39-1] motion to Dismiss the amended complaint, granting [44-1] motion to file a late memorandum. The Clerk is directed to docket plaintiff's memorandum which has been considered by the court in deciding the motion to dismiss. Denying [26-1] motion to Compel discovery, denying [33-1] motion to Compel discovery. ( signed by Judge Warren W. Eginton ) 12 Pages(s) (Jaiman, R.) (Entered: 06/27/2001) |
| 06/22/2001 | 46 | MEMORANDUM by Nicholas Aponte in opposition to [39-1] motion to Dismiss the amended complaint by defendants (Jaiman, R.) (Entered: 06/27/2001) |
| 06/22/2001 | 47 | MOTION by Nicholas Aponte for amended complaint to served by the U.S. Marshal (Brief Due 7/13/01 ) (Jaiman, R.) (Entered: 06/28/2001) |

10/24/2003

| Date | No. | Description |
|---|---|---|
| 07/11/2001 | | **Remove Prisoner Flag (Jaiman, R.) (Entered: 07/11/2001) |
| 07/11/2001 | 49 | NOTICE to Parties: this file is now being maintained in Bridgeport (Jaiman, R.) (Entered: 07/11/2001) |
| 07/13/2001 | 50 | APPOINTMENT Of Counsel Pro Bono. Attorney David A. Slossberg appointed for Nicholas Aponte . ( signed by Clerk ) (Sbalbi, B.) (Entered: 07/16/2001) |
| 07/19/2001 | 51 | ORDER REFERRING CASE to Mag. Judge Holly B. Fitzsimmons ( signed by Judge Warren W. Eginton ) (Sbalbi, B.) (Entered: 07/19/2001) |
| 07/19/2001 | 52 | APPEARANCE of Attorney for Nicholas Aponte -- David A. Slossberg (Sbalbi, B.) (Entered: 07/20/2001) |
| 08/27/2001 | 53 | APPEARANCE of Attorney for Nicholas Aponte -- Cheryl E. Heffernan (Warren, C.) (Entered: 08/27/2001) |
| 09/13/2001 | 55 | Telephone Status Conference held ( HBF) (Kolesnikoff, D.) (Entered: 09/18/2001) |
| 09/17/2001 | 54 | RULING denying as moot [47-1] motion for amended complaint to served by the U.S. Marshal ( signed by Mag. Judge Holly B. Fitzsimmons ) 2 Page(s) (Sbalbi, B.) (Entered: 09/17/2001) |
| 09/17/2001 | | Deadline updated; reset Discovery deadline to 12/31/01 , reset Dispositive Motions due by 1/31/02 (Sbalbi, B.) (Entered: 09/17/2001) |
| 09/21/2001 | 56 | MOTION by Nicholas Aponte for David A. Slossberg to Withdraw as Attorney (Sbalbi, B.) (Entered: 09/24/2001) |
| 09/25/2001 | | ENDORSEMENT granting [56-1] motion for David A. Slossberg to Withdraw as Attorney (Terminated attorney David A. Slossberg for Nicholas Aponte ( signed by Judge Warren W. Eginton ) (Sbalbi, B.) (Entered: 09/26/2001) |
| 10/02/2001 | 57 | ANSWER and AFFIRMATIVE DEFENSES by John J. Armstrong, John Doe, Edward Arrington, Ruiz, Benard, Green, Gomez, Maloney, Angel Martinez, Lynch, Roxanne Ellis, Stephen J Acerbo, Major Harris to amended complaint (Jaiman, R.) (Entered: 10/05/2001) |
| 12/12/2001 | 58 | ANSWER and DEFENSES by Edward Arrington, Angel Martinez, Michael Lynch, Roxanne Ellis, Stephen J Acerbo, Major Harris (Jaiman, R.) (Entered: 12/14/2001) |
| | | |

10/24/2003

| Date | No. | Entry |
|---|---|---|
| 12/28/2001 | 59 | MOTION by John J. Armstrong, John Doe, Edward Arrington, Ruiz, Benard, Green, Gomez, Maloney, Angel Martinez, Michael Lynch, Roxanne Ellis, Stephen J Acerbo, Major Harris to Extend Time to 1/30/02 to complete discovery (Jaiman, R.) (Entered: 01/04/2002) |
| 01/09/2002 | | ENDORSEMENT granting [59-1] motion to Extend Time to 1/30/02 to complete discovery, reset Dispositive Motions due by 4/1/02 ( signed by Judge Warren W. Eginton ) (Sbalbi, B.) (Entered: 01/10/2002) |
| 01/16/2002 | 60 | MOTION by Nicholas Aponte to Extend Time to 3/15/02 to complete discovery (Sbalbi, B.) (Entered: 01/16/2002) |
| 01/29/2002 | | ENDORSEMENT granting [60-1] motion to Extend Time to 3/15/02 to complete discovery, reset Discovery deadline to 3/15/02 ( signed by Mag. Judge Holly B. Fitzsimmons ) (Sbalbi, B.) (Entered: 01/30/2002) |
| 02/15/2002 | 61 | ORDER re telephone conference of 2/11/02, reset Discovery deadline to 4/15/02 counsel shall contact the Court on 3/28/02 at 2:00 to update the Court on status of discovery ( signed by Mag. Judge Holly B. Fitzsimmons ) (Sbalbi, B.) (Entered: 02/19/2002) |
| 03/01/2002 | 62 | MOTION by Edward Arrington, Angel Martinez, Michael Lynch, Roxanne Ellis, Stephen J Acerbo, Major Harris to Amend [58-1] answer by defendants (Brief Due 3/22/02 ) (Sbalbi, B.) (Entered: 03/01/2002) |
| 03/05/2002 | | ENDORSEMENT granting [62-1] motion to Amend [58-1] answer by defendants ( signed by Judge Warren W. Eginton ) (Gutierrez, Y.) (Entered: 03/06/2002) |
| 03/05/2002 | 63 | AMENDED ANSWER & AFFIRMATIVE DEFENSES to Complaint by John J. Armstrong, John Doe, Edward Arrington, Ruiz, Benard, Green, Gomez, Maloney : amends [58-1] answer by defendants (Gutierrez, Y.) (Entered: 03/07/2002) |
| 04/08/2002 | 64 | ORDER amending scheduling order ( signed by Mag. Judge Holly B. Fitzsimmons ) (Sbalbi, B.) (Entered: 04/09/2002) |
| 04/08/2002 | | Deadline updated; reset Discovery deadline to 4/30/02 , reset Dispositive Motions due by 5/30/02 (Sbalbi, B.) (Entered: 04/09/2002) |
| 05/08/2002 | 65 | MOTION by Edward Arrington for Judgment on the Pleadings (Brief Due 5/29/02 ) (Sanders, C.) (Entered: 05/09/2002) |

10/24/2003

| | | |
|---|---|---|
| 05/08/2002 | 66 | MEMORANDUM by Edward Arrington in support of [65-1] motion for Judgment on the Pleadings (Sanders, C.) (Entered: 05/09/2002) |
| 05/16/2002 | 67 | MOTION by Nicholas Aponte to Extend Time for to 20 days to Respond to Motion For Judgment on Pleadings (Corriette, M.) (Entered: 05/16/2002) |
| 05/17/2002 | | ENDORSEMENT granting [67-1] motion to Extend Time for to 20 days to Respond to Motion For Judgment on Pleadings, Brief Deadline set for 6/17/02 [65-1] motion for Judgment on the Pleadings ( signed by Judge Warren W. Eginton ) (Sbalbi, B.) (Entered: 05/17/2002) |
| 06/17/2002 | 68 | MOTION by Nicholas Aponte to Amend [2-1] complaint, [32-2] relief, [38-1] amended complaint by Nicholas Aponte (Brief Due 7/8/02 ) (Sbalbi, B.) (Entered: 06/18/2002) |
| 06/17/2002 | 69 | MEMORANDUM by Nicholas Aponte in opposition to [39-1] motion to Dismiss the amended complaint by defendants (Sbalbi, B.) (Entered: 06/18/2002) |
| 06/20/2002 | | ENDORSEMENT granting [68-1] motion to Amend [2-1] complaint, [32-2] relief, [38-1] amended complaint by Nicholas Aponte ( signed by Judge Warren W. Eginton ) (Sbalbi, B.) (Entered: 06/21/2002) |
| 06/20/2002 | 70 | AMENDED COMPLAINT by Nicholas Aponte amending [38-1] amended complaint by Nicholas Aponte, [9-1] amended complaint by Nicholas Aponte, [2-1] complaint (Sbalbi, B.) (Entered: 06/21/2002) |
| 06/25/2002 | 71 | REPLY by Edward Arrington, Angel Martinez, Michael Lynch, Roxanne Ellis, Stephen J Acerbo, Major Harris to response to [65-1] motion for Judgment on the Pleadings by Edward Arrington (Sbalbi, B.) (Entered: 06/25/2002) |
| 01/16/2003 | 72 | ORDER re evidentiary hearing on 2/18/03 at 10 am ( signed by Mag. Judge Holly B. Fitzsimmons ) (Sbalbi, B.) (Entered: 01/22/2003) |
| 01/16/2003 | | WRIT of Habeas Corpus Ad Testificandum issued (Sbalbi, B.) (Entered: 01/22/2003) |
| 01/24/2003 | | REVISED WRIT of Habeas Corpus Ad Testificandum issued (Cody, C.) (Entered: 01/28/2003) |
| 02/21/2003 | 73 | Evidentiary Hearing held Reporter/ECRO: Baldwin ( HBF) (Kolesnikoff, D.) (Entered: 03/03/2003) |
| 02/21/2003 | | MINUTE Entry: [65-1] motion for Judgment on the Pleadings under |

10/24/2003

| | | |
|---|---|---|
| | | advisement ( HBF) (Kolesnikoff, D.) Modified on 03/11/2003 (Entered: 03/03/2003) |
| 03/11/2003 | 74 | RECOMMENDED Ruling granting [65-1] and converting motion for Judgment on the Pleadings to a summary judgment motion Objections due 3/29/03 ( signed by Mag. Judge Holly B. Fitzsimmons ) 6 Page(s) (Cody, C.) (Entered: 03/13/2003) |
| 03/17/2003 | 76 | Acknowledgement of Receipt from Atty. Beizer of exhibit 1 (Kolesnikoff, D.) (Entered: 03/24/2003) |
| 03/18/2003 | 75 | OBJECTION to [74-1] recommended ruling re: [65-1] motion for Judgment on the Pleadings by Nicholas Aponte (Gutierrez, Y.) (Entered: 03/18/2003) |
| 03/18/2003 | 77 | OBJECTION to [74-1] recommended ruling re: [65-1] motion for Judgment on the Pleadings by Nicholas Aponte (Sbalbi, B.) (Entered: 03/27/2003) |
| 03/28/2003 | 78 | TRANSCRIPT for date of 2/21/03 (Court reporter: Bowles Reporting Service) (Corriette, M.) (Entered: 03/28/2003) |
| 04/07/2003 | 79 | TRANSCRIPT for date of 02/21/03 (Court reporter: Bowles Reporting Service) (Cody, C.) (Entered: 04/07/2003) |
| 05/05/2003 | | ENDORSEMENT approving & adopting [74-1] recommended ruling, granting [65-1] motion for Judgment on the Pleadings ( signed by Judge Warren W. Eginton ) (Kolesnikoff, D.) (Entered: 05/07/2003) |
| 05/15/2003 | 80 | JUDGMENT for Edward Arrington, Angel Martinez, Michael Lynch, Roxanne Ellis, Stephen J Acerbo, Major Harris against Nicholas Aponte ( signed by Clerk ) (Candee, D.) (Entered: 05/15/2003) |
| 05/15/2003 | | Case closed (Candee, D.) (Entered: 05/15/2003) |
| 05/28/2003 | 81 | MOTION by Nicholas Aponte to Extend Time to file an appeal until 7/2/03 (Corriette, M.) (Entered: 05/29/2003) |
| 06/05/2003 | | ENDORSEMENT granting [81-1] motion to Extend Time to file an appeal until 7/2/03 ( signed by Judge Warren W. Eginton ) (Sanders, C.) (Entered: 06/10/2003) |
| 06/27/2003 | 82 | NOTICE OF APPEAL of [80-1] judgment order by Nicholas Aponte Certified Copy of Docket and copy of Appeal mailed to USCA (Fazekas, J.) (Entered: 07/01/2003) |

10/24/2003