## Incident Report—Page 1
**Connecticut Department of Correction**

] Summary

CN6601
3-8-96

| Facility/CSO MacDougal/Walker Building | | | Incident Location B Rec yard | | Report no. | |
|---|---|---|---|---|---|---|
| Prepared by C/o Christie, Pamla | | | Title C/o | | Report date 7-1-02 | |
| Incident class ☐ 1 ☐ 1a ☐ 2 ☑ 3 | Type A | | | Time Approx us ☐ a.m. ☑ p.m. | | |

| Inmate name (last and first) | Hsg unit | Race | ID no. | Status | Staff name (last and first) | Race | Title | Status |
|---|---|---|---|---|---|---|---|---|
| Hundley, Lelen | B-32 | B | 274106 | S | Christie, Pamla | B | C/o | R |
| McClean, Windell | B-34 | B | 269577 | S | Laureano, Gilberto | H | C/o | EW |
| | | | | | Chambers, Uriah | B | C/o | EW |
| | | | | | Googe, William | B | C/o | EW |
| | | | | | Echevarria, Carmen | H | C/o | EW |
| | | | | | Price, Christopher | LU | LT | EW |

Status code: V = victim, S = suspect, E = escape, R = first employee responder, W = inmate witness, EW = employee witness

Race code: W = white, B = black, H = hispanic, N = native american, O = other

Narrative: On 7-1-02 C/o Laureano stated to me. C/o Christie to start Bringing Inmates in because there recreation time was complete. I began to release Inmates from the First cage when I reached the corner I heard "Fight" I ran over to where the incident was called A code Blue, Inmates McClean # 269577 and Hundley# 274106 were locked up Fighting I proceeded to break up Fight when responding staff arrived and secured Both Inmates. I then completed securing rec inmates in there Cells

Reporting employee Signature Christie, P

| Title C/o | | Date 7-1-02 |
|---|---|---|

**FOLLOW UP**

| Property damage n/a | | Value $ n/a |
|---|---|---|

Contraband Recovered n/a

| Physical force yes | Chemical agents | Restraints n/a |
|---|---|---|

Assigned to :
☐ Protective custody      ☐ Isolation      ☐ Medical
☑ Administrative detention  ☐ Outside hospital  _____
☐ 15 – minute watch       ☐ Other : _____

```
MOVEMENTS      NUMBER:   274106       NAME:  HUNDLEY,LETROY          PAGE   1
FILE:  MCDGL/WLKR CI                  MED FILE:
                                      DATE   SEQ    LOCATION          JUR STA
TRANSFER AMONG DOC LOCATIONS          9/12/2003 1  114 MCDGL/WLKR CI 114  G
TRANSFER AMONG DOC LOCATIONS          6/09/2003 1  137 MCDGL/WLKR CI 137  G
TRANSFER AMONG DOC LOCATIONS          3/14/2003 1  114 MCDGL/WLKR CI 114  G
TRANSFER AMONG DOC LOCATIONS          7/15/2002 1  141 NORTHERN CI   141  G
START SERVING SENTENCE (1+)           7/12/2002 1  114 MCDGL/WLKR CI 114  G
TRANSFER AMONG DOC LOCATIONS          10/26/2001 1 114 MCDGL/WLKR CI 114  U
READMISSION, CONTINUED                10/22/2001 1 122 NEW HAVEN CCC 122  U
DISCHARGED, SENTENCE TIME SERVED      7/18/2000 1  900 DISCHARGE     900  L
TRANSFER AMONG DOC LOCATIONS          4/12/2000 1  141 NORTHERN CI   141  L
SENTENCED BY COURT                    3/30/2000 1  122 NEW HAVEN CCC 122  L
SENTENCED BY COURT                    3/14/2000 1  122 NEW HAVEN CCC 122  L
START SERVING SENTENCE (1-)           3/06/2000 1  122 NEW HAVEN CCC 122  L
READMISSION, CONTINUED                11/12/1999 1 122 NEW HAVEN CCC 122  U
UNSENTENCED DISCHARGE ON BOND         6/25/1999 1  940 DCHG TO BOND  940  U
NEW ENTRY,ACCUSED-CONTINUED           5/19/1999 1  122 NEW HAVEN CCC 122  U


AG17 10/27/2003   CT DEPT OF CORRECTION - ALL MOVEMENTS-RT60        END

TRANSACTION: RT60   NUMBER:  00274106
```

ek.c

# UNITED STATES DISTRICT COURT
## District of Connecticut

LETROY HUNDLEY                           :       PRISONER
                                         :       NO. 3:02CV1663(RNC)(DFM)
        VS.                              :
                                         :
CAPTAIN LEEN COMMONO, ET AL.             :       OCTOBER __, 2003


## AFFIDAVIT OF ROBYN DIGENNARO

The undersigned, having been duly sworn, hereby deposes and says:

1.      I am over the age of 18 and understand and believe in the obligation of an oath.

2.      I am a Correctional Counselor with the State of Connecticut, Department of
Correction having held this position since January of 1997. I have been a correctional employee
since jan 1995year). I was the grievance coordinator at Northern from June 1999 through
December of 2000 and then I was reassigned October of 2002 through the present date.

3.      As part of my duties, I serve as the Grievance Coordinator for my facility. As
such, it is my responsibility to respond to non-medical inmate grievances in accordance with
State of Connecticut, Department of Correction Administrative Directive 9.6.

4.      As Grievance Coordinator I log non-medical grievances filed by inmates and I
maintain copies of both the inmate grievances and the responses in accordance with
Administrative Directive 9.6. This has been the practice both within this facility and
Department-wide for over ten years.

5.      As per Administrative Directive 9.6, grievance logs and completed grievances are
maintained for a minimum of five years. When a grievance is received, a copy of the grievance
with the response is provided to the inmate.

6.      Department of Correction records indicate that inmate Letroy Hundley, # 274106 was incarcerated in the MacDougall/Walker Correctional Institution from October 26, 2001 until July 15, 2002, and then again from March 14, 2003 until the present.  From July 15 2002 until March 14, 2003, he was held at Northern Correctional Institution (hereinafter "Northern").

7.      I have reviewed the grievance log for Northern from July 15, 2002 through March 14, 2003.  The results of my inquiry showed that during his stay at Northern, inmate Hundley filed only one non-medical grievances.  On August 5, 2002, inmate Hundley filed a Level 1 grievance indicating that on August 2, 2002, while at Northern, he was assaulted by his cell mate.  As inmate Hundley had received a Disciplinary Report for this incident, he was informed that this incident was non-grievable.  Inmate Hundley did not appeal this grievance through the procedure provided in Administrative Directive 9.6.

8.      I did not locate any grievance regarding any altercation between Hundley and another inmate at MacDougall-Walker Correctional Institution.


_Robyn DiGennaro_
Robyn DiGennaro

Subscribed and sworn to before me this _23_ day of October 2003.


_Mark R. Suse_
Commissioner of the Superior Court/
Notary Public  My Commission expires____

MARK R. SUSE
NOTARY PUBLIC
MY COMMISSION EXPIRES 03/31/2007

**United States District Court**
**District of Connecticut**

| | | |
|---|---|---|
| LETROY HUNDLEY | : | PRISONER |
| | : | NO. 3:02CV1663(RNC)(DFM) |
| VS. | : | |
| | : | |
| CAPTAIN LEEN COMMONO, ET AL. | : | OCTOBER ___, 2003 |

### AFFIDAVIT OF PATRICIA WOLLENHAUPT

The undersigned, having been duly sworn, hereby deposes and says:

1.     I am over the age of 18 and understand and believe in the obligation of an oath.

2.     I am a Correctional Hospital Nursing Supervisor with the State of Connecticut, Department of Correction. I have been employed by the Department of Correction since 1985 and have held the positions of Correctional Nurse, Correctional Head Nurse, and Correctional Hospital Nursing Supervisor. I have been assigned to Northern Correctional Institution (hereinafter "Northern") and Osborn Correctional Institution since 1999.

3.     As part of my duties, I have served as the Medical Grievance Coordinator for Northern. In my position as supervisor, I currently have access to medical grievances and responsibility for responding to medical grievances.

4.     The Medical Grievance Coordinator for Northern logs medical grievances filed by inmates and maintains copies of both the inmate medical grievances and the responses in accordance with Administrative Directive 9.6. This has been the practice both within this facility and Department-wide for over ten years.

5.    As per Administrative Directive 9.6, medical grievance logs and completed medical grievances are maintained for a minimum of five years.  When a medical grievance is received, a copy of the medical grievance with the response is provided to the inmate.

6.    Department of Correction records indicate that inmate Letroy Hundley, # 274106 was incarcerated in the MacDougall/Walker Correctional Institution from October 26, 2001 until July 15, 2002, and then again from March 14, 2003 until the present.  From July 15 2002 until March 14, 2003, he was held at Northern.

7.    I have reviewed the medical grievance log for Northern from July 15, 2002 through March 14, 2003.  The results of my inquiry showed that during his stay at Northern, inmate Hundley filed only one medical grievance.  This grievance dealt with medical care for a medical issue and was not a grievance regarding an altercation between inmate Hundley and any inmate at the Walker-MacDougall facility.  Inmate Hundley did appealed this grievance.  Both his initial grievance and the appeal were denied.

8.    I did not locate any grievance regarding any altercation between Hundley and another inmate at MacDougall-Walker Correctional Institution.

Patricia A. Wollenhaupt

Subscribed and sworn to before me this 24th day of October 2003.

Commissioner of the Superior Court/
Notary Public  My Commission expires_____

JASON GAUDET
Notary Public, State of Connecticut
My Commission Expires April 30, 2005

EX. E

A.D. 9.6, Inmate Administrative Remedies
Prepared for signature 2/26/03 - effective 3/5/03

1.    <u>Policy</u>.  The Department of Correction shall provide a means for inmates to address grievances.  The Inmate Grievance Procedure shall be an administrative remedy which enables the Department to resolve legitimate grievances in a timely manner, to identify individual and systemic problems, and to facilitate the accomplishment of its mission.

2.    <u>Authority and Reference</u>.

   A.    Connecticut General Statutes, Section 18-81.
   B.    42 United States Code 1997e.
   C.    28 Code of Federal Regulations 40.
   D.    American Correctional Association, Standards for Adult Community Residential Services, Second Edition, August 1980, Standard 2-2154.
   E.    American Correctional Association, Standards for Adult Probation and Parole Field Services, Second Edition, March 1981, Standard 2-3163.
   F.    American Correctional Association, Standards for Adult Correctional Institutions, Third Edition, January 1990, Standard 3-4271.
   G.    American Correctional Association, Standards for Adult Local Detention Facilities, Third Edition, March 1991, Standard 3-ALDF-3E-11.
   H.    1990 Americans with Disabilities Act.
   I.    Porter v. Nussle, 534 U.S. 516 (2002).
   J.    Administrative Directives 2.17, Employee Conduct; 6.10, Inmate Property; 6.14, Security Risk Group; 9.1, Population Management; 9.2, Inmate Classification; 9.5, Code of Penal Discipline; and 10.7, Inmate Communications.

3.    <u>Definitions</u>.  For the purposes stated herein, the following definitions apply:

   A.    <u>Emergency Grievance</u>.  A grievance processed by expedited methods to resolve an issue which presents: (1) a threat of death or injury; (2) a threat of disruption of facility operations; or (3) a need for prompt disposition because the time is lapsing when meaningful action or decision is possible.
   B.    <u>Grievance</u>.  A written complaint filed by an inmate on the inmate's own behalf in accordance with the procedures stated herein.
   C.    <u>Grievance Coordinator</u>.  An employee of the unit designated to coordinate the Inmate Grievance Procedure.
   D.    <u>Inmate</u>.  A person in the custody of the Department of Correction to include those confined in a facility or under community supervision.
   E.    <u>Unit</u>.  An organizational component of the Department, including correctional institutions, correctional centers, detention centers, community enforcement offices and the health services division.
   F.    <u>Unit Administrator</u>.  The person in charge of a unit specified in (E) above.

4. <u>Notice</u>.

   A.  The Inmate Grievance Procedure shall be published in English and Spanish. Each inmate, direct contact employee and direct contact contractor shall be issued a written summary of the Inmate Grievance Procedure upon initial contact with the Department. An inmate whose primary language is Spanish shall receive a copy written in Spanish. Appropriate provision shall be made for those who do not read, speak or understand English and Spanish. Inmates who are impaired or disabled shall receive assistance as necessary.

   B.  English and Spanish copies of the Inmate Grievance Procedure shall be available in each inmate library and shall be provided to an inmate upon request.

   C.  An inmate shall receive oral instruction about the inmate Grievance Procedure, filing of a grievance and obtaining grievance forms. This instruction shall encourage questions and take place as part of the orientation curriculum, not later than two (2) weeks after admission.

   D.  Staff shall receive oral instruction regarding the Inmate Grievance Procedure during orientation training and upon assignment to a new unit.

   E.  Upon transfer, an inmate shall be informed of the Inmate Grievance Procedure at the receiving unit.

5. <u>Access</u>. Each inmate in the Department's custody shall have access to the Inmate Grievance Procedure. Special provisions shall be made to ensure access for the impaired or disabled, illiterate or those with language barriers.

   A.  Any inmate who needs assistance in using the Inmate Grievance Procedure shall receive assistance upon request.

   B.  Access shall only be limited as a result of abuse of the Inmate Grievance Procedure in accordance with Section 19 below or failure to comply with the process.

6. <u>Administrative Remedies</u>. The following section provides the administrative remedy for a particular matter.

   A.  <u>Grievance</u>. With the exception of matters that are otherwise enumerated in subsection (B) and (C), below, the grievance process must be utilized for the following matters:

       1.  The interpretation and application of policies, rules and procedures of the unit, division and Department.

       2.  The existence or substance of policies, rules and procedures of the unit, division and Department in accordance with Section 13 below.

       3.  Individual employee and inmate actions including any denial of access of inmates to the Inmate Grievance Procedure other than as provided herein.

       4.  Formal or informal reprisal for use of or participation in the Inmate Grievance Procedure.

       5.  Any other matter relating to access to privileges, programs and services, conditions of care or supervision and living

unit conditions within the authority of the Department of Correction, to include rights under the Americans with Disabilities Act, except as noted herein.

6. Property loss or damage.

7. Any and all other complaints of any nature concerning prison life.

B. <u>Appeal</u>. The appeal process must be utilized for the following matters as enumerated in Administrative Directives 9.2, Inmate Classification, 6.14, Security Risk Groups, 9.5, Code of Penal Discipline and 10.7, Inmate Communication:

  1. Classification decisions regarding:
     a. risk level reviews;
     b. community release; and
     c. furloughs.

  2. Special Management decisions to include:
     a. administrative segregation;
     b. high security;
     c. close custody; and
     d. security risk group designations.

  3. Disciplinary report findings may be appealed only if the inmate pleads not guilty and is subsequently found guilty.

  4. Publication Review Committee Decisions.

C. <u>Treatment and Diagnosis Review</u>. If an inmate wishes to appeal a medical diagnosis or prescribed treatment, the inmate shall request a Physician Sick Call Appointment at no cost to the inmate. This appointment will provide the inmate an opportunity to discuss the issue with the Physician. The contents of this meeting, to include the final decision on diagnosis and/or treatment, shall be explicitly documented in the inmate's medical file. Only one appeal per diagnosis and/or treatment shall be permitted.

7. <u>Disposition and Remedy</u>. A grievance shall be rejected, withdrawn, denied, compromised, or upheld. Grievances that are upheld shall be given an appropriate and meaningful remedy. Such remedies may include, but not be limited to:

A. Corrective action to rectify the matter being grieved.

B. Changes in written policy and procedures or in interpretation or application of written policies and procedures.

C. Enforcement of existing policy and procedure.

D. Development of policies and procedures pertaining to the grievance.

8. <u>Administrative Provisions</u>. Each Unit Administrator shall establish unit directives consistent with the Inmate Grievance Procedure and the type of unit, which shall include at a minimum:

A. The designation of a staff person, to be known as the Grievance Coordinator, whose scope of authority and responsibility shall be defined by the Unit Administrator.

B.  Notification procedures to inmates of the name of the Grievance Coordinator.

C.  Provision for adequate numbers of collection boxes at various unit locations for the deposit of grievances. Units shall provide locked boxes for depositing grievances.

D.  Procedures for the regular and timely collection and appropriate logging of grievances.

E.  Procedures for the prompt handling of all emergency grievances.

F.  Procedures to assure that no employee or inmate shall participate in the resolution of a grievance in which the employee or inmate is allegedly involved.

G.  Procedures to provide notice of and access to the Inmate Grievance Procedure for all inmates including the impaired, disabled, illiterate and those with language barriers.

9.  <u>Informal Resolution</u>.  An inmate shall attempt to seek informal resolution, in writing, through the use of the Inmate Request Form CN 9602, prior to filing an inmate grievance.  A clear statement of the problem and action requested should be written by the inmate and sent to the appropriate unit Department Head or employee. Inmate Request Forms shall be available in all units.  Response to the inmate shall be made within 15 calendar days from receipt of the request.  The Unit Administrator shall post in each housing unit a list of staff members to whom Inmate Requests should be addressed for each of the grievable subjects.

10.  <u>Filing a Grievance</u>.  An inmate may file a grievance if Informal Resolution has not resolved the problem.  The inmate shall attach the Inmate Request Form CN 9602, containing the appropriate staff member's response, to the Inmate Grievance Form which requirement may be waived for an emergency grievance.  If the inmate was unable to obtain a blank Inmate Request Form, did not receive a timely response to the Inmate Request, or for a similar valid reason, the inmate shall include an explanation as to why the Inmate Request Form is not attached. A grievance shall be filed in accordance with the following provisions:

A.  A grievance must be filed, in writing, on the Inmate Grievance Form CN 9601/1 or CN 9601/2.  Grievance forms shall be readily accessible to inmates.

B.  Each grievable matter shall be submitted on a separate Inmate Grievance Form.

C.  The grievance and the action requested should be stated simply and coherently.

D.  The length of the grievance shall be restricted to the space available on the face of the grievance form and one (1) additional 8 1/2 x 11 inch page.

E.  The grievance shall be free of obscene or vulgar language or content.

F.  The grievance must be filed by an inmate who is personally affected by the grievance subject and shall not be filed by one (1) inmate on behalf of another.

G.  The grievance must be filed within 30 days of the occurrence or discovery of the cause of the grievance, except for grievances regarding property, which must be filed within one (1) year of the discovery or within three (3) years of the occurrence.

H.    A repetitive grievance may not be filed by the same inmate when a
      final response has been provided and there has been no change in
      any circumstances that would affect the response; or when the
      initial grievance is still in process.
      An inmate may choose to withdraw a grievance.  A grievance
      withdrawal must be filed in writing in accordance with the Inmate
      Grievance Withdrawal form CN 9605.

      A grievance may be returned without disposition to the inmate for
      failure to attempt Informal Resolution, or to adequately explain
      why a response to the Inmate Request Form is not attached, or for
      failure to comply with the provisions of subsections A through E
      above. "Returned without disposition" means that the grievance has
      not been properly filed; it may be re-filed when the error is
      remedied.

11.  <u>Rejection of Grievances</u>.  Any grievance which does not meet the criteria
     specified in Sections 6(A), 10(F), 10(G) or 10(H) of the Inmate
     Grievance Procedure may be rejected.

12.  <u>Grievance Appeals</u>.  For the exception of grievances that have been
     rejected having to do with issues beyond the Department's control such
     as state and federal laws, court decisions and other agency decisions, a
     grievance that is denied or rejected may be appealed to the next level
     as provided for in Sections 16 and 17.  All grievances, regardless of
     level, including appeals, should be deposited in the Grievance Box for
     the Grievance Coordinator, to ensure proper tracking and filing of all
     matters. A grievance returned without disposition due to a failure to
     comply with the procedural requirements of Sections 9 and 10(A) through
     10(E) may not be appealed.

     With the consent of the grievant, a reviewer may extend the time limit
     for a response up to 15 days using the Request for Time Extension Form,
     CN 9603.  A grievant may request a time extension of up to 15 days to
     file an appeal by sending a written Inmate Request Form to the Grievance
     Coordinator. A request by the grievant may be granted at the discretion
     of the reviewer to whom the appeal is to be sent.

13.  <u>Appropriate Review</u>.  A grievance about a matter that is beyond the
     authority of lower level(s) of review may be sent by the lower level
     reviewer directly to the appropriate level of review.  In such case the
     time limit(s) of the lower level(s) shall be combined with the time
     limit of the appropriate review level and the grievant shall be notified
     of the review process and of the time frame for response.  If the
     grievance is upheld, the time necessary to implement the change(s) may
     exceed the time limit for review.

14.  <u>Medical Grievances</u>.  All health care related grievances shall be placed
     in a box designated for health services grievances and shall be
     processed by the designated Health Services Grievance Coordinator.

15.  <u>Level 1 Review</u>.  The Level 1 review shall be made by the Unit
     Administrator or ranking facility Health Services Supervisor, as
     appropriate.  The grievance shall be reviewed for compliance with the
     Inmate Grievance Procedure and investigated if the grievance is
     accepted.  The response shall be in writing within 30 calendar days of

the level 1 reviewer's receipt and shall include a statement of the
remedy for a grievance that is upheld, compromised or of the reason a
grievance is denied or rejected. The appropriate administrator shall
notify the inmate of the Level 1 disposition and shall include an appeal
form and directions for appealing to Level 2.

16.  **Level 2 Review**.  An inmate may appeal a Level 1 disposition to Level 2
within five (5) calendar days of receipt of the decision.  The Level 2
review shall be made in accordance with the following:

   A.  A non-medical line grievance filed by an inmate confined in a
       Connecticut correctional facility shall be reviewed by the Deputy
       Commissioner of Operations.

   B.  A grievance filed by an inmate housed out of state shall be
       reviewed by the Deputy Commissioner of Programs and Staff
       Development.

   C.  A medical grievance or a grievance which deals with accommodation
       under the Americans with Disabilities Act shall be reviewed by the
       appropriate Health Services Administrator.

   D.  A non-medical grievance filed by an inmate supervised in the
       community shall be reviewed by the Deputy Commissioner of Field
       and Security Operations.

If a timely response to a Level 1 grievance is not received, an inmate
may appeal to Level 2, one (1) day after the authorized time limit
expires.  The response shall be in writing within 30 calendar days and
shall include a statement of the remedy for a grievance, which is
upheld, compromised or of the reason a grievance is denied or rejected.
Level 2 shall be the final level of appeal for all grievances except as
provided in Section 17 below.

17.  **Level 3 Review**.  Level 3 review is restricted to a grievance which:

   A.  Challenges Department level policy;

   B.  Appeals for an emergency grievance which cannot be acted upon at
       a subordinate level;

   C.  Appeals which challenge the integrity of the grievance procedure;

   D.  Appeals for which a timely response to a Level 2 grievance is not
       received. If a timely response to a Level 2 grievance is not
       received an inmate may appeal to Level 3 one (1) day after the
       authorized time limit expires. An appeal to Level 3 must be
       submitted within five (5) calendar days of receipt of a Level 2
       decision.

The Level 3 review shall be made by the Commissioner or designee.  The
response shall be in writing, within 30 days, and shall include a
statement of the remedy for a grievance, which is upheld, compromised or
of the reason a grievance is denied or rejected.  Level 3 shall be the
final level of appeal for all grievances.

18.  **Emergency Grievance**.

   A.  **Identification**.  An inmate filing an emergency grievance must
       plainly mark the grievance as "Emergency".

   B.  **Expedited Process**.  Each Unit Administrator shall develop unit
       directives for handling emergency grievances, including procedures
       for assessing the emergency and expediting resolution, or

forwarding the grievance without delay to the decision-maker who can resolve the matter.

C. <u>Time Limits</u>.  An emergency grievance that requires action within the unit shall receive a response within eight (8) hours followed by a written response within three (3) business days.  An emergency grievance that requires substantive response beyond the unit or that is appealed to Level 2 or Level 3 shall receive a response in two (2) business days and a written response in five (5) business days.  An emergency grievance that will be mooted by the passage of time specified for emergency grievances shall normally receive a verbal or other response prior to that time.

D. <u>Records</u>.  Following notification of the Unit Administrator, the grievance shall be recorded in accordance with the provisions for other grievances except it shall be deented to be an emergency.

E. <u>Rejection</u>.  If a grievance submitted as an emergency is ruled at any level not to be an emergency, it shall be returned to the grievant stating that the grievance is not an emergency and the reasons why.  The response shall indicate that the grievance may be resubmitted as a regular grievance.  No emergency grievance shall be rejected solely for failure to follow the procedures in the Inmate Grievance Procedure and any unit directives.

19. <u>Abuse</u>. Abuse of the Inmate Grievance Procedure shall be determined by the Unit Administrator.  An inmate may be deemed to be abusing the grievance procedure if any of the following conditions are met:

A. An inmate files more than seven (7) grievances in any 60 day calendar period;

B. An inmate files repetitive grievances addressing the same issue when sufficient time for response has not elapsed or when a valid response has been provided;

C. An inmate files harassing grievances; and

D. An inmate files an emergency grievances for a non emergency after having been warned of such a practice.

A determination of abuse shall be made in writing and shall stipulate the restriction(s) imposed and its duration. Restrictions may include:

1. total denial of access to the grievance procedure except for an emergency grievance or a grievance relating to the inmate's property as specified in Administrative Directive 6.10, Inmate Property;

2. a limitation on the number of grievances that may be filed; and

3. a restriction as to the subject matter that may be grieved.

A determination of abuse may be appealed to the next highest level of review.

20. <u>Records</u>.

A. <u>Description</u>.

1. <u>Grievance File</u>.  A grievance file shall be maintained at each level for each grievance.  The grievance file shall

include a copy of the grievance, each response, and any
supporting documents submitted in support of the grievance,
presented during investigation, or relied upon in the
decision.

2.   <u>Grievance Log</u>.  The Grievance Log, CN 9604, shall be
maintained at each level and shall include the name and
number of the grievant, the dates of initial receipt and of
the response at that level, a brief description of the
problem and the disposition.

B.   <u>General Requirements</u>.

1.   Each unit shall use the grievance log format and the Inmate
Grievance Form.

2.   The grievance file and the grievance log shall be
systematically maintained by the Grievance Coordinator.

3.   Each grievance log shall be retained as the official record
and for data collection purposes.

4.   A monthly report shall be provided to the Unit Administrator
to include:

a.   the number of level 1, 2 and 3 grievances filed for
the previous month;

b.   the level 1 grievances categorized by issue as
enumerated in Section 6, above; and

c.   the kind and number of dispositions for the previous
month.

C.   <u>Retention</u>. The Grievance logs and each completed grievance shall
be maintained at the unit for a minimum of five (5) years
following final disposition of the grievance.

D.   <u>Restriction</u>.  No copy of a grievance or adverse reference to any
grievance shall be placed in an inmate's master file.

E.   <u>Confidentiality</u>.  The confidentiality of the contents of the
grievance file, the grievance log, and any record of an inmate's
participation in any grievance proceeding shall be maintained in
accordance with the existing state statutes and regulations.  All
files shall be maintained in a locked cabinet not accessible to
any person other than the Grievance Coordinator or Level 1
reviewer.  Grievance Coordinators involved in the disposition of a
grievance shall have access to records and information essential
to the resolution of the grievance. This section shall not be
cause for immunity from disciplinary action based on statements
made in a grievance.

21.  <u>Reprisal Against Staff</u>.  No staff member who participates in the
resolution of a grievance shall be affected negatively for participation
in the solution of a grievance.

22.  <u>Reprisal Against Inmates</u>.  In accordance with Administrative Directive
2.17, Employee Conduct, no inmate shall suffer negative consequences
such as denial or limitation of access to any privilege, service or
program offered by the unit either formally or informally for good faith
use or participation in the Inmate Grievance Procedure.

23.   <u>Monitoring and Evaluation</u>.  The Unit Administrator shall conduct an evaluation of the Inmate Grievance Procedure in May of each year. Inmates and employees shall be afforded an advisory role in the evaluation, which shall include a review of both the effectiveness and credibility of the Inmate Grievance Procedure and recommendations for revision. An annual report for each fiscal year shall be presented to the Commissioner by September 1 of each year.  The report shall include the findings and recommendations of the evaluation process, statistical data regarding the number and type of grievances, types of dispositions and level of disposition, sample responses from each level, remedies granted, and evidence of compliance with time limits at each level of decision.

24.   <u>Exceptions</u>.  Any exception to the procedures in this Administrative Directive shall require prior written approval from the Commissioner.

| State of Connecticut<br>Department of Correction<br><br>ADMINISTRATIVE<br>DIRECTIVE | DIRECTIVE NUMBER<br><br>9.6 | EFFECTIVE DATE<br><br>January 29, 2002 | PAGE 1 OF<br><br>8 |
|---|---|---|---|
| | SUPERSEDES:<br><br>Inmate Grievances – 8/16/99 | | |
| APPROVED BY<br><br>1/29/02 | TITLE:<br><br>Inmate Grievances | | |

1.  **Policy.** The Department of Correction shall provide a means for inmates to address grievances. The Inmate Grievance Procedure shall be an administrative remedy which enables the Department to resolve legitimate grievances in a timely manner, to identify individual and systemic problems, and to facilitate the accomplishment of its mission.

2.  **Authority and Reference.**

    A.  Connecticut General Statutes, Section 18-81.
    B.  42 United States Code 1997e.
    C.  28 Code of Federal Regulations 40.
    D.  American Correctional Association, Standards for Adult Community Residential Services, Second Edition, August 1980, Standard 2-2154.
    E.  American Correctional Association, Standards for Adult Probation and Parole Field Services, Second Edition, March 1981, Standard 2-3163.
    F.  American Correctional Association, Standards for Adult Correctional Institutions, Third Edition, January 1990, Standard 3-4271.
    G.  American Correctional Association, Standards for Adult Local Detention Facilities, Third Edition, March 1991, Standard 3-ALDF-3E-11.
    H.  1990 Americans with Disabilities Act.
    I.  Administrative Directives 2.17, Employee Conduct; 6.10, Inmate Property; 6.14, Security Risk Group; 9.1, Population Management; 9.2, Inmate Classification; and 9.5, Code of Penal Discipline.

3.  **Definitions.** For the purposes stated herein, the following definitions apply:

    A.  **Emergency Grievance.** A grievance processed by expedited methods to resolve an issue which presents: (1) a threat of death or injury; (2) a threat of disruption of facility operations; or (3) a need for prompt disposition because the time is lapsing when meaningful action or decision is possible.
    B.  **Grievance.** A written complaint filed by an inmate on the inmate's own behalf in accordance with the procedures stated herein.
    C.  **Grievance Coordinator.** An employee of the unit designated to coordinate the Inmate Grievance Procedure.
    D.  **Inmate.** A person in the custody of the Department of Correction to include those confined in a facility or under community supervision.
    E.  **Unit.** An organizational component of the Department, including correctional institutions, correctional centers, detention centers, DWI units, community enforcement offices and the health services division.
    F.  **Unit Administrator.** The person in charge of a unit specified in (E) above.

| DIRECTIVE NO.          9.6 | EFFECTIVE DATE    January 29, 2002 | PAGE  OF    2      8 |
|---|---|---|
| TITLE                      Inmate Grievances | | |

4.  <u>Notice</u>.

   A.   The Inmate Grievance Procedure shall be published in English and
        Spanish.  Each inmate, direct contact employee and direct contact
        contractor shall be issued a written summary of the Inmate
        Grievance Procedure upon initial contact with the Department. An
        inmate whose primary language is Spanish shall receive a copy
        written in Spanish.  Appropriate provision shall be made for those
        who do not read, speak or understand English and Spanish.  Inmates
        who are impaired or disabled shall receive assistance as
        necessary.

   B.   English and Spanish copies of the Inmate Grievance Procedure shall
        be available in each inmate library and shall be provided to an
        inmate upon request.

   C.   An inmate shall receive oral instruction about the Inmate
        Grievance Procedure, filing of a grievance and obtaining grievance
        forms. This instruction shall encourage questions and take place
        as part of the orientation curriculum, not later than two (2)
        weeks after admission.

   D.   Staff shall receive oral instruction regarding the Inmate
        Grievance Procedure during orientation training and upon
        assignment to a new unit.

   E.   Upon transfer, an inmate shall be informed of the Inmate Grievance
        Procedure at the receiving unit.

5.  <u>Access</u>.  Each inmate in the Department's custody shall have access to
    the Inmate Grievance Procedure.  Special provisions shall be made to
    ensure access for the impaired or disabled, illiterate or those with
    language barriers.

   A.   Any inmate who needs assistance in using the Inmate Grievance
        Procedure shall receive assistance upon request.

   B.   Access shall only be limited as a result of abuse of the Inmate
        Grievance Procedure in accordance with Section 19 below or failure
        to comply with the process.

6.  <u>Grievable Matters</u>.

   A.   <u>Grievable</u>.  The following matters are grievable:

      1.   The interpretation and application of policies, rules and
           procedures of the unit, division and Department.

      2.   The existence or substance of policies, rules and procedures
           of the unit, division and Department in accordance with
           Section 13 below.

      3.   Individual employee and inmate actions including
           any denial of access of inmates to the Inmate Grievance
           Procedure other than as provided herein.

      4.   Formal or informal reprisal for use of or participation in
           the Inmate Grievance Procedure.

      5.   Any other matter relating to access to privileges,
           programs and services, conditions of care or supervision and
           living unit conditions within the authority of the
           Department of Correction, to include rights under the
           Americans with Disabilities Act, except as noted herein.

      6.   Property loss or damage.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 9.6 | January 29, 2002 | 3 | 8 |

| TITLE |
|---|
| Inmate Grievances |

B. **Non-Grievable.** The following matters are not grievable:

1. State and federal laws and regulations.
2. State and federal court decisions.
3. Actions pursuant to the Code of Penal Discipline, which are appealable through the disciplinary procedure provided in Administrative Directive 9.5., Code of Penal Discipline.
4. Classification decisions, which are appealable through the classification procedure provided in Administrative Directive 9.2, Inmate Classification.
5. The individual designation of an inmate as a Security Risk Group Member or a Security Risk Group Safety Threat Member in accordance with Administrative Directive 6.14, Security Risk Groups.
6. Health Services diagnosis or treatment.
7. Matters beyond the control of the Department, including parole decisions.

7. **Disposition and Remedy.** A grievance shall either be rejected, withdrawn, denied, resolved by compromise, or upheld. Grievances that are upheld shall be given an appropriate and meaningful remedy. Such remedies may include, but not be limited to:

A. Corrective action to rectify the matter being grieved.
B. Changes in written policy and procedures or in interpretation or application of written policies and procedures.
C. Enforcement of existing policy and procedure.
D. Development of policies and procedures pertaining to the grievance.

8. **Administrative Provisions.** Each Unit Administrator shall establish unit directives consistent with the Inmate Grievance Procedure and the type of unit, which shall include at a minimum:

A. The designation of a staff person, to be known as the Grievance Coordinator, whose scope of authority and responsibility shall be defined by the Unit Administrator.
B. Notification procedures to inmates of the name of the Grievance Coordinator.
C. Provision for adequate numbers of collection boxes at various unit locations for the deposit of grievances. Units shall provide locked boxes for depositing grievances.
D. Procedures for the regular and timely collection and appropriate logging of grievances.
E. Procedures for the prompt handling of all emergency grievances.
F. Procedures to assure that no employee or inmate shall participate in the resolution of a grievance in which the employee or inmate is allegedly involved.
G. Procedures to provide notice of and access to the Inmate Grievance Procedure for all inmates including the impaired, disabled, illiterate and those with language barriers.

| DIRECTIVE NO. 9.6 | EFFECTIVE DATE January 29, 2002 | PAGE 4 | OF 8 |
|---|---|---|---|
| TITLE | Inmate Grievances | | |

9.  **Informal Resolution**. An inmate shall attempt to seek informal resolution, in writing, through the use of the Inmate Request Form CN 9602, prior to filing an inmate grievance. A clear statement of the problem and action requested should be written by the inmate and sent to the appropriate unit Department Head or employee. Inmate Request Forms shall be available in all units. Response to the inmate shall be made within 15 calendar days from receipt of the request. The Unit Administrator shall post in each housing unit a list of staff members to whom Inmate Requests should be addressed for each of the grievable subjects.

10. **Filing a Grievance**. An inmate may file a grievance if Informal Resolution has not resolved the problem. The inmate shall attach the Inmate Request Form CN 9602, containing the appropriate staff member's response, to the Inmate Grievance Form which requirement may be waived for an emergency grievance. If the inmate was unable to obtain a blank Inmate Request Form, did not receive a timely response to the Inmate Request, or for a similar valid reason, the inmate shall include an explanation as to why the Inmate Request Form is not attached. A grievance shall be filed in accordance with the following provisions:

    A.  A grievance must be filed, in writing, on the Inmate Grievance Form CN 9601A or CN 9601B. Grievance forms shall be readily accessible to inmates.
    B.  Each grievable matter shall be submitted on a separate Inmate Grievance Form.
    C.  The grievance and the action requested should be stated simply and coherently.
    D.  The length of the grievance shall be restricted to the space available on the face of the grievance form and one (1) additional 8 1/2 x 11 inch page.
    E.  The grievance shall be free of obscene or vulgar language or content.
    F.  The grievance must be filed by an inmate who is personally affected by the grievance subject and shall not be filed by one (1) inmate on behalf of another.
    G.  The grievance must be filed within 30 days of the occurrence or discovery of the cause of the grievance, except for grievances regarding property, which must be filed within one (1) year of the discovery or within three (3) years of the occurrence.
    H.  A repetitive grievance may not be filed by the same inmate when a final response has been provided and there has been no change in any circumstances that would affect the response; or when the initial grievance is still in process.

    A grievance may be returned without disposition to the inmate for failure to attempt Informal Resolution, or to adequately explain why a response to the Inmate Request Form is not attached, or for failure to comply with the provisions of subsections A through E above. "Returned without disposition" means that the grievance has not been properly filed; it may be re-filed when the error is remedied.

| DIRECTIVE NO.<br><br>9.6 | EFFECTIVE DATE<br><br>January 29, 2002 | PAGE  OF<br><br>5        8 |
|---|---|---|

| TITLE<br><br>Facility Security Level and Standards |
|---|

11. **Rejection of Grievances**. Any grievance which does not meet the criteria specified in Sections 6(A), 10(F), 10(G) or 10(H) of the Inmate Grievance Procedure may be rejected.

12. **Appeals**. A grievance that is denied or rejected may be appealed to the next level as provided for in Sections 16 and 17. An appeal should be deposited in the Grievance Box. A grievance returned without disposition due to a failure to comply with the procedural requirements of Sections 9 and 10(A) through 10(E) may not be appealed.

   With the consent of the grievant, a reviewer may extend the time limit for a response up to 15 days using the Request for Time Extension Form, CN 9603. A grievant may request a time extension of up to 15 days to file an appeal by sending a written Inmate Request Form to the Grievance Coordinator. A request by the grievant may be granted at the discretion of the reviewer to whom the appeal is to be sent.

13. **Appropriate Review**. A grievance about a matter that is beyond the authority of lower level(s) of review may be sent by the lower level reviewer directly to the appropriate level of review. In such case the time limit(s) of the lower level(s) shall be combined with the time limit of the appropriate review level and the grievant shall be notified of the review process and of the time frame for response. If the grievance is upheld, the time necessary to implement the change(s) may exceed the time limit for review.

14. **Medical Grievances**. All health care related grievances shall be placed in a box designated for health services grievances and shall be processed by the designated Health Services Grievance Coordinator.

15. **Level 1 Review**. The Level 1 review shall be made by the Unit Administrator or ranking facility Health Services Administrator/Supervisor, as appropriate. The grievance shall be reviewed for compliance with the Inmate Grievance Procedure and investigated if the grievance is accepted. The response shall be in writing within 30 calendar days and shall include a statement of the remedy for a grievance that is upheld, or of the reason a grievance is denied or rejected. The appropriate administrator shall notify the inmate of the Level 1 disposition and shall include an appeal form and directions for appealing to Level 2.

16. **Level 2 Review**. An inmate may appeal a Level 1 disposition to Level 2 within five (5) calendar days of receipt of the decision. The Level 2 review shall be made in accordance with the following:

   A.   A non-medical line grievance filed by an inmate confined in a correctional facility shall be reviewed by the Deputy Commissioner of Facility Operations.

   B.   A medical grievance or a grievance which deals with accommodation under the Americans with Disabilities Act shall be reviewed by the Deputy Commissioner of Programs and Treatment.

   C.   A grievance filed by an inmate supervised in the community shall be reviewed by the Deputy Commissioner of Field and Security Operations.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE OF |
|---|---|---|
| 9.6 | January 29, 2002 | 6      8 |
| TITLE | Inmate Grievances | |

If a timely response to a Level 1 grievance is not received, an inmate may appeal to Level 2, one (1) day after the authorized time limit expires. The response shall be in writing within 30 calendar days and shall include a statement of the remedy for a grievance which is upheld, or of the reason a grievance is denied or rejected. Level 2 shall be the final level of appeal for all grievances except as provided in Section 17 below.

17. <u>Level 3 Review</u>. Level 3 review is restricted to a grievance which challenges Department level policy; appeals for an emergency grievance which cannot be acted upon at a subordinate level; appeals which challenge the integrity of the grievance procedure; appeals for which a timely response to a Level 2 grievance is not received. If a timely response to a Level 2 grievance is not received an inmate may appeal to Level 3 one (1) day after the authorized time limit expires. An appeal to Level 3 must be submitted within five (5) calendar days of receipt of a Level 2 decision. The Level 3 review shall be made by the Commissioner. The response shall be in writing, within 30 days, and shall include a statement of the remedy for a grievance which is upheld, or of the reason a grievance is denied or rejected. Level 3 shall be the final level of appeal for all grievances.

18. <u>Emergency Grievance</u>.

    A.   <u>Identification</u>. An inmate filing an emergency grievance must plainly mark the grievance as "Emergency".

    B.   <u>Expedited Process</u>. Each Unit Administrator shall develop unit directives for handling emergency grievances, including procedures for assessing the emergency and expediting resolution, or forwarding the grievance without delay to the decision-maker who can resolve the matter.

    C.   <u>Time Limits</u>. An emergency grievance that requires action within the unit shall receive a response within eight (8) hours followed by a written response within three (3) business days. An emergency grievance that requires substantive response beyond the unit or that is appealed to Level 2 or Level 3 shall receive a response in two (2) business days and a written response in five (5) business days. An emergency grievance that will be mooted by the passage of time specified for emergency grievances shall normally receive a verbal or other response prior to that time.

    D.   <u>Records</u>. Following notification of the Unit Administrator, the grievance shall be recorded in accordance with the provisions for other grievances except it shall be denoted as an emergency.

    E.   <u>Rejection</u>. If a grievance submitted as an emergency is ruled at any level not to be an emergency, it shall be returned to the grievant stating that the grievance is not an emergency and the reasons why. The response shall indicate that the grievance may be resubmitted as a regular grievance. No emergency grievance shall be rejected solely for failure to follow the procedures in the Inmate Grievance Procedure and any unit directives.

| DIRECTIVE NO.  9.6 | EFFECTIVE DATE  January 29, 2002 | PAGE OF  7    8 |
|---|---|---|

| TITLE |
|---|
| Inmate Grievances |

19. <u>Abuse</u>.  Abuse of the Inmate Grievance Procedure shall be determined by the Unit Administrator.  An inmate may be deemed to be abusing the grievance procedure if any of the following conditions are met: (1) an inmate files more than seven (7) grievances in any 60 day calendar period; (2) an inmate files repetitive grievances addressing the same issue when sufficient time for response has not elapsed or when a valid response has been provided; (3) an inmate files harassing grievances; and (4) an inmate files an emergency grievances for a non emergency after having been warned of such a practice.  A determination of abuse shall be made in writing and shall stipulate the restriction(s) imposed and its duration.  Restrictions may include total denial of access to the grievance procedure except for an emergency grievance or a grievance relating to the inmate's property as specified in Administrative Directive 6.10, Inmate Property; a limitation on the number of grievances that may be filed; and a restriction as to the subject matter that may be grieved.  A determination of abuse may be appealed to the next highest level of review.

20. <u>Records</u>.

    A.   <u>Description</u>.

        1.   <u>Grievance File</u>.  A grievance file shall be maintained at each level for each grievance.  The grievance file shall include a copy of the grievance, each response, and any supporting documents submitted in support of the grievance, presented during investigation, or relied upon in the decision.

        2.   <u>Grievance Log</u>.  The Grievance Log, CN 9604, shall be maintained at each level and shall include the name and number of the grievant, the dates of initial receipt and of the response at that level, a brief description of the problem and the disposition.

    B.   <u>General Requirements</u>.

        1.   Each unit shall use the grievance log format and the Inmate Grievance Form.

        2.   The grievance file and the grievance log shall be systematically maintained by the Grievance Coordinator.

        3.   Each grievance log shall be retained as the official record and for data collection purposes.

    C.   <u>Retention</u>.  A copy of each completed grievance shall be maintained at the unit for a minimum of three (3) years following final disposition of the grievance.

    D.   <u>Restriction</u>.  No copy of a grievance or adverse reference to any grievance shall be placed in an inmate's Master file.

    E.   <u>Confidentiality</u>.  The confidentiality of the contents of the grievance file, the grievance log, and any record of an inmate's participation in any grievance proceeding shall be maintained in accordance with the existing state statutes and regulations.  All files shall be maintained in a locked cabinet not accessible to any person other than the Grievance Coordinator or Level 1

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE  OF | |
|---|---|---|---|
| 9.6 | January 29, 2002 | 8 | 8 |
| TITLE | | | |
| Inmate Grievances | | | |

reviewer.  Grievance Coordinators involved in the disposition of a grievance shall have access to records and information essential to the resolution of the grievance. This section shall not be cause for immunity from disciplinary action based on statements made in a grievance.

21.   **Reprisal Against Staff**.  No staff member who participates in the resolution of a grievance shall be affected negatively for participation in the solution of a grievance.

22.   **Reprisal Against Inmates**.  In accordance with Administrative Directive 2.17, Employee Conduct, no inmate shall suffer negative consequences such as denial or limitation of access to any privilege, service or program offered by the unit either formally or informally for good faith use or participation in the Inmate Grievance Procedure.

23.   **Monitoring and Evaluation**.  The Unit Administrator shall conduct an evaluation of the Inmate Grievance Procedure in November of each year. Inmates and employees shall be afforded an advisory role in the evaluation which shall include a review of both the effectiveness and credibility of the Inmate Grievance Procedure and recommendations for revision.  An annual report shall be presented to the Commissioner by July 31 of each year.  The report shall include the findings and recommendations of the evaluation process, statistical data regarding the number and type of grievances, types of dispositions and level of disposition, sample responses from each level, remedies granted, and evidence of compliance with time limits at each level of decision.

24.   **Exceptions**.  Any exception to the procedures in this Administrative Directive shall require prior written approval from the Commissioner.



# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601 A
Rev. 1/8/02

| Inmate Name | Inmate no. |
|---|---|

| Facility | Housing unit | Date |
|---|---|---|

☐ Line grievance    ☐ Line emergency    ☐ Health grievance    ☐ Health emergency

1. **Informal resolution.** Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

2. **Nature of grievance.** Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8 ½ by 11 inch sheet of paper and attach it to this form.)

3. **Action requested.** Describe what action you want taken to remedy the grievance.

Inmate signature

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

FOR OFFICIAL USE ONLY – LEVEL 1 REVIEW

| IGP no. | T no. |
|---|---|

| Date received | Disposition | Date of disposition |
|---|---|---|

Grievance issue

Reasons

Level 1 reviewer

Housing location

| Inmate name | Inmate no. |
|---|---|

# Inmate Grievance

# Confidential

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### Disposition Code

R   Rejected     Your grievance does not comply with the requirements for filing a grievance for the reasons stated.

D   Denied     The subject of your grievance is a grievable matter, but the grievance is denied for the reasons stated.

C   Compromise     Some part(s) of your grievance is(are) justified. A remedy is offered consistent with the part(s) of the grievance that is(are) justified.

U   Upheld     Your grievance is justified.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9601 B
Rev. 1/8/02

| Inmate Name | | Inmate no. |
|---|---|---|

| Facility | Housing unit | Date |
|---|---|---|

☐ Line grievance    ☐ Line emergency    ☐ Health grievance    ☐ Health emergency

| IGP no. | T no. |
|---|---|

Use this form to appeal a Level 1 decision.  Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form.  Your appeal must be filed within 5 days of the Level 1 response; deposit it in the box for inmate grievances.

Appeal.  I am appealing the Level 1 decision because:

| Inmate signature | Date |
|---|---|

## FOR OFFICIAL USE ONLY – LEVEL 2 REVIEW

| Date received | Disposition | Date of disposition |
|---|---|---|

Reasons

Level 2 reviewer

☐  This grievance may be appealed within 5 days to Level 3

☐  This grievance may not be appealed to Level 3 (see A.D. 9.6, Section 17)

Appeal.  I am appealing the Level 2 decision because:

| Inmate signature | Date |
|---|---|

### Deposit your appeal in the box for inmate grievances

## FOR OFFICIAL USE ONLY – LEVEL 3 REVIEW

| Date received | Disposition | Date of disposition |
|---|---|---|

Reasons

Level 3 reviewer

Housing location

Inmate name | Inmate no.

# Inmate Grievance

## Confidential

---

### Disposition Code

R  Rejected     Your grievance does not comply with the requirements for filing a griev-
ance for the reasons stated.

D  Denied       The subject of your grievance is a grievable matter, but the grievance is
denied for the reasons stated.

C  Compromise   Some part(s) of your grievance is(are) justified. A remedy is offered con-
sistent with the part(s) of the grievance that is(are) justified.

U  Upheld       Your grievance is justified.

---



# Inmate Request Form
## Connecticut Department of Correction

CN 9602
Rev. 1/8/02

| Inmate Name | Inmate no. |
|---|---|

| Facility | Housing unit | Date |
|---|---|---|

**Request**

(continue on back if necessary)

**Previous Action Taken**

(continue on back if necessary)

| Submitted to | Date |
|---|---|

Acted on by

**Action Taken and/or Response**

(continue on back if necessary)

Response to Inmate Date

Staff Member Signature



# Inmate Grievance Procedure
## Request for Time Extension
### Connecticut Department of Correction

CN 9603
Rev. 1/8/02

| Inmate Name | | Inmate no. |
|---|---|---|

| Facility | Housing unit | Date |
|---|---|---|

Your grievance/appeal is currently pending at Level

It appears that the time needed to investigate and respond to you will exceed the timeframe established by the grievance directive. I am, therefore, requesting that you grant an extension of time at this Level so that the issue can receive full consideration.

| Grievance Coordinator | Date |
|---|---|

| I hereby grant a time extension of | The request for a time extension is |
|---|---|
| working days. | refused. |

| Inmate Signature | Date |
|---|---|

ATTACHMENT                                          CN 9604

| YEAR _____ | INMATE GRIEVANCE PROCEDURE | STATE OF CONNECTICUT |
| LCTR No. _____ | GRIEVANCE LOG: [] LINE   [] MEDICAL | DEPT. OF CORRECTION |
| PAGE _____ | GC _____ | UNIT _____ |

reverse side of this log may be used for additional comments on individual grievances.

CN 1305
Rev. 9-25-91

# Administrative Directives Revision Form
## Connecticut Department of Correction

| Number | 9.6 | Title | Inmate Grievances |
|---|---|---|---|

**Revisions appear on:**

| Page | Section | Page | Section |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Summary of revisions:**

Section 3(A) definition deleted.

Section 7 redefined Disposition and remedy in first paragraph.

Section 9 makes reference to the use of the inmate request form and added a new sentence at the end of the section.

Section 10 makes reference to the informal resolution, deleted the last paragraph in the section and added new language referencing "returned without disposition".

Section 11 deleted everything, but the first sentence.

Section 12 added language to clarify the process.

Section 16 was restructured to further clarify the Level 2 review.

Section 17 narrowed scope of what could be appealed to Level 3 and extended the response time to 30 days.

Section 19 deleted all existing language and added new language regarding abuse.

Section 23 changed review and reporting requirement dates.

Forms 9601A, 9601B, 9602 and 9603 were modified

| Revisions are: | ☐ New directive | ☑ Modification | ☐ Recision |
|---|---|---|---|
| Approved | | 1/29/02 | |