| State of Connecticut Department of Correction | DIRECTIVE NUMBER 9.6 | EFFECTIVE DATE August 16, 1999 | PAGE 1 OF 8 |
|---|---|---|---|
| **ADMINISTRATIVE DIRECTIVE** | SUPERSEDES: Inmate Grievances – 8/3/98 | | |
| APPROVED BY  7/23/99 | TITLE: Inmate Grievances | | |

1. **Policy.** The Department of Correction shall provide a means for inmates to address grievances. The Inmate Grievance Procedure shall be an administrative remedy which enables the Department to resolve legitimate grievances in a timely manner, to identify individual and systemic problems, and to facilitate the accomplishment of its mission.

2. **Authority and Reference.**

   A. Connecticut General Statutes, Section 18-81.
   B. 42 United States Code 1997e.
   C. 28 Code of Federal Regulations 40.
   D. American Correctional Association, Standards for Adult Community Residential Services, Second Edition, August 1980, Standard 2-2154.
   E. American Correctional Association, Standards for Adult Probation and Parole Field Services, Second Edition, March 1981, Standard 2-3163.
   F. American Correctional Association, Standards for Adult Correctional Institutions, Third Edition, January 1990, Standard 3-4271.
   G. American Correctional Association, Standards for Adult Local Detention Facilities, Third Edition, March 1991, Standard 3-ALDF-3E-11.
   H. 1990 Americans with Disabilities Act.
   I. Administrative Directives 1.10, Investigations; 2.17, Employee Conduct; 6.10, Inmate Property; 6.14, Security Risk Group; 9.1, Population Management; 9.2, Inmate Classification; and 9.5, Code of Penal Discipline.

3. **Definitions.** For the purposes stated herein, the following definitions apply:

   A. **Abuse.** The filing of repetitive grievances addressing the same issue where sufficient time for response has not elapsed or where a valid response has been provided; the filing of an excessive number of grievances; the appeal of a grievance settled in the inmate's favor at a lower level; the filing of harassing grievances; or the intentional filing of emergency grievances which are not emergencies.
   B. **Emergency Grievance.** A grievance processed by expedited methods to resolve an issue which presents: (1) a threat of death or injury; (2) a threat of disruption of facility operations; or (3) a need for prompt disposition because the time is lapsing when meaningful action or decision is possible.
   C. **Grievance.** A written complaint filed by an inmate on the inmate's own behalf in accordance with the procedures stated herein.
   D. **Grievance Coordinator.** An employee of the unit designated to coordinate the Inmate Grievance Procedure.

E.   **Inmate**.  A person in the custody of the Department of Correction to include those confined in a facility or under community supervision.

F.   **Unit**.  An organizational component of the Department, including correctional institutions, correctional centers, detention centers, DWI units, community enforcement offices and the health services division.

G.   **Unit Administrator**.  The person in charge of a unit specified in (F) above.

4.   **Notice**.

A.   The Inmate Grievance Procedure shall be published in English and Spanish.  Each inmate, direct contact employee and direct contact contractor shall be issued a written summary of the Inmate Grievance Procedure upon initial contact with the Department.  An inmate whose primary language is Spanish shall receive a copy written in Spanish.  Appropriate provision shall be made for those who do not read, speak or understand English and Spanish.  Inmates who are impaired or disabled shall receive assistance as necessary.

B.   English and Spanish copies of the Inmate Grievance Procedure shall be available in each inmate library and shall be provided to an inmate upon request.

C.   An inmate shall receive oral instruction about the Inmate Grievance Procedure, filing of a grievance and obtaining grievance forms. This instruction shall encourage questions and take place as part of the orientation curriculum, not later than two (2) weeks after admission.

D.   Staff shall receive oral instruction regarding the Inmate Grievance Procedure during orientation training and upon assignment to a new unit.

E.   Upon transfer, an inmate shall be informed of the Inmate Grievance Procedure at the receiving unit.

5.   **Access**.  Each inmate in the Department's custody shall have access to the Inmate Grievance Procedure.  Special provisions shall be made to ensure access for the impaired or disabled, illiterate or those with language barriers.

A.   Any inmate who needs assistance in using the Inmate Grievance Procedure shall receive assistance upon request.

B.   Access shall only be limited as a result of abuse of the Inmate Grievance Procedure in accordance with Section 19 below or failure to comply with the process.

6.   **Grievable Matters**.

A.   **Grievable**.  The following matters are grievable:

1.   The interpretation and application of policies, rules and procedures of the unit, division and Department.

2.   The existence or substance of policies, rules and procedures of the unit, division and Department in accordance with Section 13 below.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 9.6 | August 16, 1999 | 3 | 8 |

| TITLE |
|---|
| Inmate Grievances |

3. Individual employee and inmate actions including any denial of access of inmates to the Inmate Grievance Procedure other than as provided herein.

4. Formal or informal reprisal for use of or participation in the Inmate Grievance Procedure.

5. Any other matter relating to access to privileges, programs and services, conditions of care or supervision and living unit conditions within the authority of the Department of Correction, to include rights under the Americans with Disabilities Act, except as noted herein.

6. Property loss or damage.

B. **Non-Grievable**. The following matters are not grievable:

1. State and federal laws and regulations.

2. State and federal court decisions.

3. Actions pursuant to the Code of Penal Discipline, which are appealable through the disciplinary procedure provided in Administrative Directive 9.5., Code of Penal Discipline.

4. Classification decisions, which are appealable through the classification procedure provided in Administrative Directive 9.2, Inmate Classification.

5. The individual designation of an inmate as a Security Risk Group Member or a Security Risk Group Safety Threat Member in accordance with Administrative Directive 6.14, Security Risk Groups.

6. Health Services diagnosis or treatment.

7. Matters beyond the control of the Department, including parole decisions.

7. **Disposition and Remedy**. Grievances shall either be rejected, denied, upheld or disposed by mutual agreement. Grievances that are upheld shall be given an appropriate and meaningful remedy. Such remedies may include, but not be limited to:

A. Corrective action to rectify the matter being grieved.

B. Changes in written policy and procedures or in interpretation or application of written policies and procedures.

C. Enforcement of existing policy and procedure.

D. Development of policies and procedures pertaining to the grievance.

8. **Administrative Provisions**. Each Unit Administrator shall establish unit directives consistent with the Inmate Grievance Procedure and the type of unit, which shall include at a minimum:

A. The designation of a staff person, to be known as the Grievance Coordinator, whose scope of authority and responsibility shall be defined by the Unit Administrator.

B. Notification procedures to inmates of the name of the Grievance Coordinator.

C. Provision for adequate numbers of collection boxes at various unit locations for the deposit of grievances. Units shall provide locked boxes for depositing grievances.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 9.6 | August 16, 1999 | 4 | 8 |

| TITLE |
|---|
| Inmate Grievances |

    D.     Procedures for the regular and timely collection and appropriate logging of grievances.

    E.     Procedures for the prompt handling of all emergency grievances.

    F.     Procedures to assure that no employee or inmate shall participate in the resolution of a grievance in which the employee or inmate is allegedly involved.

    G.     Procedures to provide notice of and access to the Inmate Grievance Procedure for all inmates including the impaired, disabled, illiterate and those with language barriers.

9.   **Informal Resolution**.  An inmate shall attempt to seek informal resolution prior to filing an inmate grievance.  Informal resolution includes personal contact with staff able to resolve the matter or utilization of the Inmate Request System.  Access to the Inmate Request System shall be through the use of the Inmate Request Form, Attachment B.  A clear statement of the problem and action requested should be written by the inmate and sent to the appropriate unit Department Head or employee.  Inmate Request Forms shall be available in all units.  Response to the inmate shall be made within 15 calendar days from receipt of the request.

10.   **Filing a Grievance**.   An inmate shall attempt to resolve a problem through the Inmate Request System prior to filing a grievance.  The inmate shall attach the Inmate Request Form CN 9602, Attachment B, containing the appropriate staff member's response, to the Inmate Grievance Form which requirement may be waived for an emergency grievance.  If the inmate was unable to obtain a blank Inmate Request Form, did not receive a timely response to the Inmate Request, or for a similar valid reason, the inmate shall include an explanation as to why the Inmate Request Form is not attached.  A grievance may be rejected for failure to attempt informal resolution.  A grievance shall be filed in accordance with the following provisions:

    A.     A grievance must be filed, in writing, on the Inmate Grievance Form CN 9601, Attachment A.  Grievance forms shall be readily accessible to inmates.

    B.     The grievance must be filed by an inmate who is personally affected by the grievance subject and shall not be filed by one (1) inmate on behalf of another.

    C.     Each grievable matter shall be submitted on a separate Inmate Grievance Form.

    D.     The grievance and the action requested should be stated simply and coherently.

    E.     The length of the grievance shall be restricted to the space available on the face of the grievance form and one (1) additional 8 1/2 x 11 inch page.

    F.     The grievance shall be free of obscene or vulgar language or content.

    G.     The grievance must be filed within 30 days of the occurrence or discovery of the cause of the grievance, except for grievances regarding property, which must be filed within one (1) year of the discovery or within three (3) years of the occurrence.

| DIRECTIVE No. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 9.6 | August 16, 1999 | 5 | 8 |
| TITLE | | | |
| Inmate Grievances | | | |

H.   A repetitive grievance may not be filed by the same inmate when a
final response has been provided and there has been no change in
any circumstances that would affect the response; or when the
initial grievance is still in process.
The Inmate Grievance Procedure is an administrative remedy.
Inmates contemplating litigation against the Department may be
required by the courts to have exhausted this remedy before a suit
may be filed.

11.   Rejection of Grievances.  Any grievance which does not meet the criteria
specified in Section 6(A) or the procedural requirements of Section 10
of the Inmate Grievance Procedure may be rejected.  Any grievance
rejected at any level of the Inmate Grievance Procedure may be appealed
to the next level.  A grievance which does not comply with the
procedures in the Inmate Grievance Procedure shall be returned to the
grievant stating that the grievance is not in compliance and citing the
specific procedural errors.  Any grievance not in compliance with
Section 10(G) cannot be corrected.

12.   Appeals.  A response to a grievance may be appealed to the next level as
provided for in Sections 16 and 17.  An appeal should be deposited in
the Grievance Box or sent to the Grievance Coordinator.

With the consent of the grievant, a reviewer may extend the time limit
for a response up to 15 days using the Request for Time Extension Form,
CN 9603, Attachment C.  A grievant may request a time extension of up to
15 days to file an appeal by sending a written Inmate Request Form to
the Grievance Coordinator.  A request by the grievant may be granted at
the discretion of the reviewer to whom the appeal is to be sent.

13.   Appropriate Review.  A grievance about a matter that is beyond the
authority of lower level(s) of review may be sent by the lower level
reviewer directly to the appropriate level of review.  In such case the
time limit(s) of the lower level(s) shall be combined with the time
limit of the appropriate review level and the grievant shall be notified
of the review process and of the time frame for response.  If the
grievance is upheld, the time necessary to implement the change(s) may
exceed the time limit for review.

14.   Medical Grievances.  All health care related grievances shall be placed
in a box designated for health services grievances and shall be
processed by the designated Health Services Grievance Coordinator.

15.   Level 1 Review.  The Level 1 review shall be made by the Unit
Administrator or ranking facility Health Services
Administrator/Supervisor, as appropriate.  The grievance shall be
reviewed for compliance with the Inmate Grievance Procedure and
investigated if the grievance is accepted.  The response shall be in
writing within 30 calendar days and shall include a statement of the
remedy for a grievance that is upheld, or of the reason a grievance is
denied or rejected. The appropriate administrator shall notify the
inmate of the Level 1 disposition and shall include an appeal form and
directions for appealing to Level 2.

| DIRECTIVE | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 9.6 | August 16, 1999 | 6 | 8 |
| TITLE | | | |
| Inmate Grievances | | | |

16. **Level 2 Review.** An inmate may appeal a Level 1 action to Level 2 within five (5) calendar days of receipt of the decision. The Level 2 review shall be made by the Complex Warden, Community Enforcement Administrator or Complex Health Services Administrator, as appropriate. In cases in which a denial of reasonable accommodation under the Americans with Disabilities Act is being grieved, the appeal shall be filed with the Department Americans with Disabilities Act Coordinator. If a timely response to a Level 1 grievance is not received, an inmate may appeal to Level 2, one (1) day after the authorized time limit expires. The response shall be in writing within 25 calendar days and shall include a statement of the remedy for a grievance which is upheld, or of the reason a grievance is denied or rejected. Level 2 shall be the final level of appeal for all grievances except as provided in Section 17 below.

17. **Level 3 Review.** Level 3 review is restricted to a grievance which challenges Department level policy; appeals for an emergency grievance which cannot be acted upon at a subordinate level; appeals which challenge the integrity of the grievance procedure; appeals for which a timely response to a Level 2 grievance is not received; and appeals of a grievance rejected at Level 2. If a timely response to a Level 2 grievance is not received an inmate may appeal to Level 3 one (1) day after the authorized time limit expires. An appeal to Level 3 must be submitted within five (5) calendar days of receipt of a Level 2 decision. The Level 3 review shall be made by the Commissioner. The response shall be in writing, within 25 days, and shall include a statement of the remedy for a grievance which is upheld, or of the reason a grievance is denied or rejected. Level 3 shall be the final level of appeal for all grievances.

18. **Emergency Grievance.**

   A. **Identification.** An inmate filing an emergency grievance must plainly mark the grievance as "Emergency".

   B. **Expedited Process.** Each Unit Administrator shall develop unit directives for handling emergency grievances, including procedures for assessing the emergency and expediting resolution, or forwarding the grievance without delay to the decision-maker who can resolve the matter.

   C. **Time Limits.** An emergency grievance that requires action within the unit shall receive a response within eight (8) hours followed by a written response within three (3) business days. An emergency grievance that requires substantive response beyond the unit or that is appealed to Level 2 or Level 3 shall receive a response in two (2) business days and a written response in five (5) business days. An emergency grievance that will be mooted by the passage of time specified for emergency grievances shall normally receive a verbal or other response prior to that time.

   D. **Records.** Following notification of the Unit Administrator, the grievance shall be recorded in accordance with the provisions for other grievances except it shall be denoted as an emergency.

   E. **Rejection.** If a grievance submitted as an emergency is ruled at any level not to be an emergency, it shall be returned to the grievant stating that the grievance is not an emergency and the

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE  OF | |
|---|---|---|---|
| 9.6 | August 16, 1999 | 7 | 8 |
| TITLE | | | |
| Inmate Grievances | | | |

reasons why. The response shall indicate that the grievance may be resubmitted as a regular grievance. No emergency grievance shall be rejected solely for failure to follow the procedures in the Inmate Grievance Procedure and any unit directives.

19.  **Abuse**. Abuse of the Inmate Grievance Procedure shall be determined by the Unit Administrator on a case by case basis. A determination of abuse and any resulting limitation may be appealed to Level 2. An inmate who files five (5) or more grievances in a week or 20 or more in any 180 day calendar period may be determined to be abusing the Inmate Grievance Procedure. An inmate may be limited to not more than 10 active grievances at a time not including any emergency grievance or grievance relating to the inmate's property as specified in Administrative Directive 6.10, Inmate Property.

    A.  A determination of abuse shall result in a limitation on the grievance filing process or on a particular subject. The Unit Administrator shall establish the length of limitation commensurate with the degree of abuse. The length of limitation may be for up to six (6) months and may be increased for second and subsequent abuse in increments not to exceed six (6) months. Inmates under limitation for abuse of the Inmate Grievance Procedure shall be allowed to file emergency grievances. Abuse of the emergency Inmate Grievance Procedure may result in limitation of the use of the emergency Grievance Procedure as well.

    B.  A limitation of access shall be communicated to the receiving units upon transfer, and may be reviewed by the receiving Unit Administrator.

    C.  Notice of limitation shall be made in writing to the inmate.

20.  **Records**.

    A.  **Description**.

        1.  **Grievance File**. A grievance file shall be maintained at each level for each grievance. The grievance file shall include a copy of the grievance, each response, and any supporting documents submitted in support of the grievance, presented during investigation, or relied upon in the decision.

        2.  **Grievance Log**. The Grievance Log, CN 9604, Attachment D, shall be maintained at each level and shall include the name and number of the grievant, the dates of initial receipt and of the response at that level, a brief description of the problem and the disposition.

    B.  **General Requirements**.

        1.  Each unit shall use the grievance log format and the Inmate Grievance Form.

        2.  The grievance file and the grievance log shall be systematically maintained by the Grievance Coordinator.

        3.  Each grievance log shall be retained as the official record and for data collection purposes.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE | OF |
|---|---|---|---|
| 9.6 | August 16, 1999 | 8 | 8 |

| TITLE | |
|---|---|
| Inmate Grievances | |

C.  <u>Retention</u>. A copy of each completed grievance shall be maintained at the unit for a minimum of three (3) years following final disposition of the grievance.

D.  <u>Restriction</u>. No copy of a grievance or adverse reference to any grievance shall be placed in an inmate's Master file.

E.  <u>Confidentiality</u>. The confidentiality of the contents of the grievance file, the grievance log, and any record of an inmate's participation in any grievance proceeding shall be maintained in accordance with the existing state statutes and regulations. All files shall be maintained in a locked cabinet not accessible to any person other than the Grievance Coordinator or Level 1 reviewer. Grievance Coordinators involved in the disposition of a grievance shall have access to records and information essential to the resolution of the grievance. This section shall not be cause for immunity from disciplinary action based on statements made in a grievance.

21.  <u>Reprisal Against Staff</u>. No staff member who participates in the resolution of a grievance shall be affected negatively for participation in the solution of a grievance.

22.  <u>Reprisal Against Inmates</u>. In accordance with Administrative Directive 2.17, Employee Conduct, no inmate shall suffer negative consequences such as denial or limitation of access to any privilege, service or program offered by the unit either formally or informally for good faith use or participation in the Inmate Grievance Procedure.

23.  <u>Monitoring and Evaluation</u>. The Unit Administrator shall conduct an evaluation of the Inmate Grievance Procedure in January of each year. Inmates and employees shall be afforded an advisory role in the evaluation which shall include a review of both the effectiveness and credibility of the Inmate Grievance Procedure and recommendations for revision. An annual report shall be presented to the Commissioner by March 1 of each year. The report shall include the findings and recommendations of the evaluation process, statistical data regarding the number and type of grievances, types of dispositions and level of disposition, sample responses from each level, remedies granted, and evidence of compliance with time limits at each level of decision.

24.  <u>Exceptions</u>. Any exception to the procedures in this Administrative Directive shall require prior written approval from the Commissioner.



# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601A
7-1-98

| Inmate name | | Inmate no. |
|---|---|---|

| Facility | Housing unit | Date |
|---|---|---|

☐ Line grievance    ☐ Line emergency    ☐ Health grievance    ☐ Health emergency

1. Informal resolution. Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

3. Action requested. Describe what action you want taken to remedy the grievance.

Inmate signature

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

| IGP no. | T no. |
|---|---|

| Date received | Disposition | Date of disposition |
|---|---|---|

Grievance issue

Reasons

Level-1 reviewer

Housing location

| Inmate name | | Inmate no. |
|---|---|---|

## Confidential

# Inmate Grievance

- - - - - - - - - - - - - - - - - - - -

### Disposition Code

R  Rejected          Your grievance does not comply with the requirements for filing a griev-
                     ance for the reasons stated.

D  Denied            The subject of your grievance is a grievable matter, but the grievance is
                     denied for the reasons stated.

C  Compromise        Some part(s) of your grievance is(are) justified. A remedy is offered con-
                     sistent with the part(s) of the grievance that is(are) justified.

U  Upheld            Your grievance is justified.

- - - - - - - - - - - - - - - - - - - -



# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9601B
7-1-98

| Inmate name | Inmate no. |
|---|---|

| Facility | Housing unit | Date |
|---|---|---|

☐ Line grievance    ☐ Line emergency    ☐ Health grievance    ☐ Health emergency

| IGP no. | T no. |
|---|---|

Use this form to appeal a Level-1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level-1 response; deposit it in the box for inmate grievances.

Appeal. I am appealing the Level-1 decision because

| Inmate signature | Date |
|---|---|

### FOR OFFICIAL USE ONLY. LEVEL 2 REVIEW

| Date received | Disposition | Date of disposition |
|---|---|---|

Reasons

Level-2 reviewer

☐ This grievance may be appealed within 5 days to Level 3

☐ This grievance may not be appealed to Level 3 (see A.D. 9.6, Sect. 17)

Appeal. I am appealing the Level-2 decision because

| Inmate signature | Date |
|---|---|

### Deposit your appeal in the box for inmate grievances.

### FOR OFFICIAL USE ONLY. LEVEL 3 REVIEW

| Date received | Disposition | Date of disposition |
|---|---|---|

Reasons

Level-3 reviewer

Housing location

| Inmate name | Inmate no. |
|---|---|

# Inmate Grievance

# Confidential

---

## Disposition Code

**R  Rejected**  Your grievance does not comply with the requirements for filing a grievance for the reasons stated.

**D  Denied**  The subject of your grievance is a grievable matter, but the grievance is denied for the reasons stated.

**C  Compromise**  Some part(s) of your grievance is(are) justified. A remedy is offered consistent with the part(s) of the grievance that is(are) justified.

**U  Upheld**  Your grievance is justified.

---

CN 9602
1/94

**ATTACHMENT B**
**CONNECTICUT DEPARTMENT OF CORRECTION**

**INMATE REQUEST FORM**

Facility/Unit_____    Date_____

Inmate Name_____    Number_____

Request_____

_____

_____

_____

_____

**(continue on back if necessary)**

Previous Action Taken_____

_____

_____

_____

_____

**(continue on back if necessary)**

Submitted to_____    Date Received_____

Acted on by_____

Action Taken and/or Response_____

_____

_____

_____

_____

**(continue on back if necessary)**

Date of Response to Inmate_____

Signature of Staff Member_____

CN 9603
1/94

ATTACHMENT C
CONNECTICUT DEPARTMENT OF CORRECTION

Inmate Grievance Procedure

REQUEST FOR TIME EXTENSION

Facility/Unit:_____

Your grievance/appeal is currently pending at level _____.
It appears that the time needed to investigate and respond to you will exceed
the time frame established by the grievance directive.  I am, therefore,
requesting that you grant an extension of time at this level so that the issue
can receive full consideration.

_____          _____
Grievance Coordinator                       Date

_____   I hereby grant a time              _____   The request for a time
        extension of _____ working days.            extension is refused.

_____          _____
Grievant's Signature                        Date

| YEAR _____ | INMATE GRIEVANCE PROCEDURE | STATE OF CONNECTICUT |
| LCTR No. _____ | GRIEVANCE LOG:  [] LINE   [] MEDICAL | DEPT. OF CORRECTION |
| PAGE _____ | GC _____ | UNIT _____ |

reverse side of this log may be used for additional comments on individual grievances.

CN 1305
Rev. 9-25-91

# Administrative Directives Revision Form
## Connecticut Department of Correction

| Number | 9.6 | Title | Inmate Grievances |
|---|---|---|---|

**Revisions appear on:**

| Page | Section | Page | Section |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Summary of revisions:**

Section 9 was clarified to state that informal resolution includes personal contact with staff able to resolve the matter or utilization of the Inmate Request System.

Section 16 was modified to state that cases in which a Level 1 denial of accommodation under the Americans with Disabilities Act is being grieved, the Level 2 appeal shall be filed with the Department Americans with Disabilities Act Coordinator.

Revisions are: ☑ New directive    ☑ Modification    ☐ Recision

Approved _____ 7/23/99

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LETROY HUNDLEY               :      NO. 3:02CV1663(RNC)(DFM)

      VS.                   :

CAPTAIN LEEN COMMONO, ET AL.   :

## AFFIDAVIT OF CORRECTIONAL COUNSELOR JOHN BREEDLOVE

The undersigned hereby attests that:

1.     I am over the age of eighteen (18) and understand and believe in the obligations of an oath.

2.     I am a Correctional Counselor with the State of Connecticut, Department of Correction having held this position since August, 2000. I am assigned to the MacDougall-Walker Correctional Institution, having been so assigned since December, 1999.

3.     As part of my duties, I served as the Grievance Coordinator for my facility. As such, it is my responsibility to respond to inmate grievances in accordance with State of Connecticut, Department of Correction Administrative Directive 9.6.

4.     As Grievance Coordinator I log grievances filed by inmates and I maintain copies of both the inmate grievances and the responses in accordance with Administrative Directive 9.6. This has been the practice both within this facility and department-wide for over ten years.

5.     As per Administrative Directive 9.6, grievance logs and completed grievances are maintained for a minimum of five (5) years.

6.      I have reviewed the grievance log which indicates that Inmate Letroy Hundley, Inmate No. 274106, has not filed any grievance with regard to any incident between himself and Inmate Wendall McClean in March of 2002 or at any time.

7.      Inmate Letroy Hundley has not filed any grievance regarding Officer Pamela Christie, a separation order, or Inmate Wendall McClean at any time within the past five (5) years.

John Breedlove
Correctional Counselor

Subscribed and sworn to before me this _13th_ day of _August_, 2003.

Patricia A. Nuesyn

Commissioner of the Superior Court
Notary Public
My Commission Expires: _6/30/07_

2

United States District Court
District of Connecticut

LETROY HUNDLEY                        :        PRISONER

    VS.                                  :        NO. 3:02CV1663(RNC)(DFM)

                                         :

CAPTAIN LEEN COMMONO, ET AL.          :

                                         :        OCTOBER 24, 2003

## AFFIDAVIT OF RICHARD G. FUREY

The undersigned, having been duly sworn, hereby deposes and says:

1.    I am over the age of 18 and understand and believe in the obligation of an oath.

2.    I am currently employed by the Department of Correction as a Health Services Administrator at McD-Walker, having held that position for the last approximately two and one-half years. I have been employed by the State of Connecticut Department of Correction for approximately 11 years.

3.    In my capacity as Health Services Administrator at McD-Walker, I have access to the medical grievance log filed by inmates. Any medical grievance received from an inmate is logged and maintained as per Administrative Directive 9.6. This has been the practice both within this facility and Department-wide for over ten years.

5.    When a medical grievance is received, a copy of the medical grievance with the response is provided to the inmate.

6.    Department of Correction records indicate that inmate Letroy Hundley, # 274106 was incarcerated in the MacDougall/Walker Correctional Institution from October 26, 2001 until July 15, 2002, and then again from March 14, 2003 until the present. From July 15 2002 until March 14, 2003, he was held at Northern.

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction



CN 9601A
7-1-98

Inmate name **LETBOY HUNDLEY**                     Inmate No. **274106**

Facility **NCI**                          Housing unit **1-WEST 120**   Date **8'5'02**

☐ Line grievance    ☑ Line emergency    ☐ Health grievance    ☐ Health emergency

1. Informal resolution. Attach a copy of Inmate Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

RESPONCE FROM STAFF memBer Came verBally was not GIVEN for LACK Of Evidence on GRievance filed for staffs Unprofessionalism

2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

LT. CASEY

ON 8'2'02 ON Entering Cell 225 my cell mate Assaulted me in front of LT. CASEY In wich Time I was Asking LT.CASEY To Be Placed out of the Cell Because CELL mate 2 seconds Before Had Assaulted me While looking in the other Direction I Asked LT. CASEY Did He observe The Assault He Stated that He didnt And That we could ownly Be Seperated The Assault was in Clear view And after This was Given Ticket for fighting

3. Action requested. Describe what action you want taken to remedy the grievance.

AT Know Time was Involved in Exchanging Punches I Asked Inmate To no longer Be Assaulted Ticket was A SET-UP Along with Being Placed In cell with Inmate there was Know Reason To Be Taken out of Cell 1121-EAST Inmate Had Spoken to Inmate in wich I was Assaulted By And Assaulted me from word of MOUTH

Inmate signature *Letroy Hundley*

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

## FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

GP no. **141-2003-64**                          T no.

Date received **AUG 13 2002**   Disposition   **Rejected**      Date of disposition   **8/19/02**

Grievance issue         Re:   **Non-grievable**

Reasons          **Non-grievable issue pursuant to Administrative Directive 9.6., Section 6B#3). Actions pursuant to the Code of Penal Discipline, which are appealable through the disciplinary procedure provided in Administrative Directive 9.5., Code of Penal Discipline.**

Level-1 reviewer       *MGuC 8/19/02*




# Northern Correctional Institution

**To:I nmate:  Hundley 274106 1w120**
**F ROM:**   C.C. Ouellet, Grievance Coordinator

**DATE: August,13 2002**
**SUBJECT:**  Emergency Grievances

---

This memo is to inform you that your grievance has been received on August 13, 2002. You filed this grievance as an emergency however, it has been reviewed and is not deemed to be an emergency issue/situation.  This grievance will be processed as a regular line grievance on your behalf.

## Administrative Directive 9.6-Definition of Emergency Grievance
An emergency grievance is a grievance processed by expedited methods to resolve an issue which presents: (1) a threat of death or injury; (2) a threat of disruption of facility operations; or (3) a need for prompt disposition because the time is lapsing when a meaningful action or decision is possible.

# CONNECTICUT DEPARTMENT OF CORRECTION
## NORTHERN CORRECTIONAL INSTITUTION

### INMATE REQUEST FORM

HOUSING UNIT: (I)  II   III      EAST or (WEST)      Cell # 110
(Circle One)

Date: 9-4-02

Inmate Name: LETROY HUNDLEY      Number: 274106

Request: WROTE WARDEN MYERS AND WARDEN MURPHY
ON WHY I NEVER RECIeved GRIEVANCE REMEDY FOR
ALTERCATION ON 7-1-02 WICH I WROTE C.O. CHRISTEE
A GRIEVANCE FOR PLACEING ME IN DANGER WITH inmate WHO
HAD PRIOR ASSAULTED ME 3-1-02 And would LIKE TO Know WHY?
(Continue on back if necessary)

Submitted to: Mr Whidden      Date Received: 9/24/02

Acted on by: Refered to Counslor Ouellette

Action taken and/or response:
Sir, I have referred this request to
Counslor L. Ouellette NCI's Grievance
Coordinator for renew + Action as necessary

Date of Response to Inmate: 9/4

Signature of Staff Member: APhiddie

Major (dated
C. Captain Brother
Counslor ouellette
file

CN 050 (Revised 03-19-01)

ex.M

## CONNECTICUT DEPARTMENT OF CORRECTION
## NORTHERN CORRECTIONAL INSTITUTION

### INMATE REQUEST FORM

106

HOUSING UNIT: Ⓘ   II   III        EAST or (WEST)        Cell # 🔲🔲
(Circle One)

: 9-4-02

ate Name: LETROY HANDLEY          Number: 274106

est: WROTE WARDEN MYERS AND WARDEN MORPHY
ON WHY I NEVER RECIEVED GRIEVANCE REMEDY FOR
ALTERCATION ON 7-1-02 WICH I WROTE C.O. CHRISTEE
A GRIEVANCE FOR PLACEING ME IN DANGER WITH INMATE WHO
HAD PRIOR ASSAUTED ME 3-1-02 And WOULD LIKE TO KNOW WHY

(Continue on back if necessary)

itted to: Mr Chidden          Date Received: 9/24/02

on by: Refered to Counselor Ouellette

8/19

On 8/19/02
grievance
was rejected
due to
it being
a disiplinary
issue.

n taken and/or response:

Sir, I have referred this request to
Counselor L. Ouellette NCI's Grievance
Cordinator for review + Action as necessary

Major Cantes
C. Captain Brother
Counselor Ouellette
file

Response to Inmate: 9/4

re of Staff Member: A Chiddie

(Revised 03-19-01)