UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LETROY HUNDLEY | : | PRISONER |
| | : | NO. 3:02CV1663(RNC)(DFM) |
| VS. | : | |
| | : | |
| CAPTAIN LEEN COMMONO, ET AL | : | OCTOBER 27, 2003 |

**LOCAL RULE 56(a)1 STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

1. The plaintiff was involved in an altercation with another inmate on **July 1, 2002**. See Compl.; **Ex. A Incident Report Page 1.** He brings this lawsuit claiming that the defendant, Officer Christie, exhibited deliberate indifference by failing to protect him from assault by another inmate on that date. See Complaint. The complaint alleges that the other inmate was Wendall McLean, and that this incident occurred at the MacDougall-Walker Correctional Institution. See Complaint.

2. On **July 1, 2002,** the Department of Correction held the plaintiff at MacDougall-Walker Correctional Institution (hereinafter "McD-Walker."). **Exs. B, RT 60 inmate movement screen; C, DiGennaro Aff.; Ex. D, Wollenhaupt Affidavit.** On **July 12, 2002,** the plaintiff was sentenced and began serving that sentence. **Ex. B**

3. On **July 15, 2002,** the plaintiff was transferred to Northern Correctional Institution (hereinafter "Northern"). **Ex. B** The Department of Correction transferred the plaintiff back to McD-Walker on **March 14, 2003,** where he remains today. **Ex. B**

4. The State of Connecticut Department of Correction (hereinafter "DOC") provides inmate housed within its correctional facilities a grievance procedure. **Exs. E, Administrative Directive 9.6; F; G Administrative Directives 9.6 as previously effective.** Inmates wishing to

file a grievance can file a "Level 1" grievance, and, if unsatisfied with the response, can file a "Level 2" grievance. **Exs. E; F; G.** Access to the grievance procedure is limited only as a result of abuse of the Inmate Grievance Procedure. **Exs. E; F; G.**

     5.    Since at least 1999, Department of Correction policy has required the following:

> 1. <u>Grievance File.</u> A grievance file shall be maintained at each level for each grievance. The grievance file shall include a copy of the grievance, each response, and any supporting documents submitted in support of the grievance, presented during investigation, or relied upon in the decision.
> 2. <u>Grievance Log.</u> The Grievance Log, . . . shall be maintained at each level and shall include the name and number of the grievant, the dates of initial receipt and of the response at that level, a brief description of the problem and the disposition.

**Exs. E; F; G.**

     6.    The Grievance Coordinator for McD-Walker, Correctional Counselor Breedlove, logs grievances filed by inmates and maintains copies of both the inmate grievances and the responses, as has been the practice within the Department of Correction for over ten years. **Ex. H, Breedlove Aff.** Breedlove became the Grievance Coordinator at McD-Walker in August of 2000. **Ex. H.**

     7.    Grievances are maintained for a minimum of five years. **Ex. H.** Counselor Breedlove has reviewed the grievance log for McD-Walker. **Ex. H.** The log indicates no grievance filed by Inmate Letroy Hundley regarding any incident between himself and Inmate Wendall McLean, about Officer Pamela Christie or a separation order at any time within the past five years. **Ex. H.**

     8.    Health Services Administrator for McD-Walker. Richard Furey, reviewed the medical grievance log for McD-Walker for all of the dates the plaintiff was housed at McD-Walker, and found that the plaintiff filed no medical grievances at any time during his stay at McD-Walker. **Ex. I, Furey Affidavit.**

2

9.   As per the Administrative Directive, staff at Northern likewise logs inmate grievances and maintains copies of completed grievance and responses for a period of five years. **Ex. C.** When grievances are received, a copy is provided to the inmate. **Ex. C.** The grievance records maintained a Northern indicate that during the time period he was incarcerated at Northern, inmate Letroy Hundley filed only one non-medical grievance. **Ex. C.**

10.   This grievance indicates that Hundley is grieving an incident that occurred on **August 2, 2002. Exs. C; J, Grievance dated August 5, 2002.** Hundley transferred to Northern from McD-Walker on **July 15, 2002. Exs. C; B.** The only non-medical grievance Hundley filed did not reference a fight or assault at McD-Walker, Officer Christie, a separation order, or any incident at all at McD-Walker. **Ex. J.** The only non-medical grievance the plaintiff filed at either McD-Walker or Northern referenced an altercation that happened on August 2, 2002, **after** the plaintiff's transfer to Northern on July 15, 2002. **Exs. C; J; B.**

11.   Hundley did file one medical grievance at Northern as well, which did not complain about a fight or assault at McD-Walker, Officer Christie or a separation order, or any incident at all at McD-Walker. **Ex. D, Wollenhaupt Aff.**

12.   In response to the defendants' Motion to Dismiss on the basis of exhaustion, the plaintiff attached three documents. **Exs. K, 8/13/02; L 9/4/02 Inmate Request Form; M, 9/4/02 Inmate Request Form w/ notation.** The first is a memo from Correctional Counselor Oullet, then Grievance Coordinator at Northern Correctional Institution. **Ex. K, 8/13/02 Memo.** This memo refers to a grievance received at Northern "on August 13, 2002". **Ex. K.** The one non-medical or "line" grievance the inmate has filed was at Northern, and is attached hereto as **Exhibit J.**