UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2004 MAY 27 P 1:59

U.S. DISTRICT COURT
BRIDGEPORT, CONN

LETROY HUNDLEY,

    Plaintiff,

V.

LEEN COMMONO, ET AL.,

    Defendants.

CASE NO. 3:03CV1663 (RNC)

## NOTICE AND ORDER

Plaintiff Letroy Hundley, a Connecticut inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that Correctional Officer Pamela Christee violated his Eighth Amendment rights by failing to protect him from an assault by a fellow inmate, Wendell McClean. The assault occurred when, despite a separation order issued by prison officials to keep plaintiff and McClean separated after an earlier incident, the two inmates were released simultaneously from their cells. The only conduct alleged against Christee is that she opened the cell doors then pulled McClean away from plaintiff after the assault began. Because these allegations are insufficient to state a claim against Christee, plaintiff is ordered to file an amended complaint demonstrating that Christee may be held liable.

To state an Eighth Amendment claim against a prison official for failure to protect, a plaintiff must allege facts demonstrating that the official was deliberately indifferent to his safety. Deliberate indifference is more serious than negligence. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986).

Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994); see, e.g., Morales v. New York State Dept. of Corrections, 842 F.2d 27, 29-30 (2d Cir. 1988) (allegations sufficient that prison officials either watched assault without intervening or knew that inmate had been assaulting other inmates and failed to take any preventative action).[1]  It is unclear from the complaint whether Christee knew about the separation order at the time she released plaintiff and McClean from their cells or allowed the fight to continue for some time before she intervened.

Accordingly, plaintiff is hereby ordered to file a second amended complaint setting forth allegations of acts and omissions by Christee demonstrating deliberate indifference to his safety as described above.  To be timely, the second amended complaint must be filed with the Clerk and mailed to defense counsel on or before June 30, 2004.

So ordered.

---

[1] Plaintiff does not satisfy his burden by making a conclusory allegation that defendant "displayed deliberate indifference and reckless disregard for his safety . . . ." (Pl's Amended Compl. p. 15.)  See Bass v. Jackson, 790 F.2d 260, 263 (2d Cir. 1986).  He must allege some facts to support that contention.

2

Dated at Hartford, Connecticut this 24th day of May 2004.

                                              Robert N. Chatigny
                                      United States District Judge