UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAY 27 P 1: 59

U.S. DISTRICT COURT

LETROY HUNDLEY,               :

        Plaintiff,            :

                              :
V.                            :   CASE NO. 3:02CV1663(RNC)
                              :
LEENO COMMONO, ET AL.,        :

                              :
        Defendants.           :

### RULING AND ORDER ON SUMMARY JUDGMENT

Letroy Hundley, a Connecticut inmate proceeding pro se,
brings this action pursuant to 42 U.S.C. § 1983, alleging that
Correctional Officer Pamela Christee failed to protect him from
an assault by a fellow inmate.[1]  Defendant has moved for summary
judgment contending that plaintiff filed this action without
first exhausting available administrative remedies.   [Doc. # 46]
Plaintiff has moved for leave to amend his complaint to add a
claim under the Americans with Disabilities Act ("ADA"), 42
U.S.C. § 12101 et seq.   [Doc. # 53]   For reasons stated below,
both motions are denied.

Background

     On February 27, 2002, while incarcerated at the McDougall-
Walker Correctional Institution, plaintiff was assaulted by
inmate Wendell McClean.  As a result, correctional officials

---

[1]  The named defendants are Captain Leen Commono, Warden
Brian Murphy and Correctional Officer Pamela Christee.  As a
result of a previous ruling, Christee is the sole remaining
defendant.

1

placed the two inmates on a separation list, notifying staff that the two inmates were not to have any contact with each other.  On July 1, 2002, defendant released plaintiff and McClean from their cells simultaneously and another altercation between them ensued. Defendant then secured McClean until other staff arrived.

## Plaintiff's Motion to Amend Complaint

Rule 15(a) of the Federal Rules of Civil Procedure provides that permission to amend a complaint "shall be freely given when justice so requires."  Underlying this rule is an assumption that the amended complaint will clarify or amplify the original cause of action.  See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995); see also id. at 715 (noting that under Rule 15(d) new defendants and new claims may be added if adequately related to the originally stated claims).

The proposed amended complaint attempts to add an ADA claim against a new defendant rather than clarifying the original cause of action.  The new claim concerns an unnamed prison official's failure to give plaintiff antidepressant medications that had been prescribed for him after he had been placed on a suicide watch.  This claim is wholly unrelated to the cause of action against Officer Christee.

## Defendant's Motion for Summary Judgment

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Because plaintiff is proceeding pro se, the Court reads his papers liberally and interprets them to raise the strongest arguments they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), no action may be brought in federal court by a state prisoner with respect to prison conditions until after available administrative remedies have been exhausted. A prisoner must grieve his complaint all the way through the highest level of administrative review, including all appellate remedies. See Booth v. Churner, 532 U.S. 731, 735 (2001); Gibson v. Goord, 280 F.3d 221, 223 (2d Cir. 2002). Complete exhaustion of administrative remedies is required regardless of whether the inmate may obtain through the administrative process the specific relief he seeks. See Booth, 532 U.S. at 741.

The Department of Correction has established a two-tier grievance procedure. See Administrative Directive 9.6. An inmate may file a level one grievance within thirty days of the act or omission at issue. Denial of a grievance may be appealed for a level two review. If the inmate receives no response to his level one grievance within thirty days, he is obliged to seek level two review within five days after that period expires.

3

Defendant submits the following evidence in support of her motion: (1) affidavits from correctional officials attesting that they have no record of a grievance filed by plaintiff relating to the alleged failure to protect on July 1, 2002; (2) a level one grievance filed by plaintiff relating to an incident on August 2, 2002, which was rejected as presenting a non-grievable issue; and (3) an inmate request form submitted by plaintiff on September 4, 2002, inquiring as to why he had received no response to his grievance for the incident of July 1, 2002.[2]  (Def.'s Exs. H, I, J, L, M.)

Defendant has not met her burden of proving that plaintiff failed to exhaust his administrative remedies.  See Jenkins v. Haubert, 179 F.3d 19, 28-29 (2d Cir. 1999) (noting that exhaustion is an affirmative defense).  Plaintiff's September 4 request regarding the status of a grievance concerning the July 1 incident raises a material issue of fact as to whether plaintiff filed a timely grievance.  Further evidence that plaintiff filed a level one grievance is provided by the grievance counselor's response to the request, stating that the grievance had been rejected on August 19, 2002.  Defendant plausibly suggests that the grievance counselor thought that the September 4 request referred to the August 2 grievance.  However, the Court is required to draw all reasonable inferences in favor of plaintiff

_____

[2]  Plaintiff filed both the August 1 grievance and the September 4 inmate request form at Northern Correctional Institution, where he was transferred on July 15, 2001.

as the non-moving party.  See Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003).[3]  In addition, the September 4 request may reasonably be construed as an appeal for level two review, plaintiff having received no response to his level one grievance.[4]

Conclusion

Accordingly, plaintiff's motion to amend the complaint is denied and defendant's motion for summary judgment is denied.

So Ordered.

Dated at Hartford, Connecticut this 25th day of May 2004.

Robert N. Chatigny
United States District Judge

---

   [3] Alternatively, the fact that correctional officials replied to plaintiff's inquiry by stating that his grievance for the July 1 incident had been rejected as non-grievable could support an estoppel.  See Rivera v. Goord, 253 F. Supp. 2d 735, 747 (S.D.N.Y. 2003); Simpson v. Gallant, 223 F. Supp. 2d 286, 291-92 (D. Me. 2002), aff'd, 2003 WL 21026723 (1st Cir. May 08, 2003) (per curiam).

   [4] The inmate request form ostensibly was timely filed because it was filed sixty-five days after the July 1 incident.  See Def.'s Ex. F, Administrative Directive 9.6, §§ 10, 15, 16 (prescribing thirty days period from the date of the incident to file a level one grievance, thirty days for correctional officials to respond, and five days from that date to appeal to level two after not having received a level one response).