UNITED STATES DISTRICT COURT
DISTRICT of ConnecTicuT

Amended
Civil Rights Complaint

Plaintiff LETROY HUNDLEY                    CASE no. 3:02C1663 'RNC' 'DFM'
            '274106'                        DATE 7-7-04
        V.
PAMELA CHRISTEE
Deffendants Individual CAPACity

A. PARTies

1. Plaintiff LETROY HUNDLEY is a Citizen of THE
United STATES WHO PresenTly Resides at
Walker Correctional Facility
1153 EAST ST SOUTH Suffield Ct. 06078
Inmate number 274106

                                    By. _Letroy Hundley_____
                                    LETROY HUNDLEY  PROse
                                    1153 EAST ST. SOUTH
                                    Suffield Ct. 06078

B. PARTIES

2. DEFENDANT IS PAMELA CHRISTEE IS A citizen of THE United STATES whose Address is 1153 EAST ST. SOUTH Suffield Ct. 06078 and who is employed as a Correctional Officer AT THE WALKER Correctional Facility

AT THE Time OF THE claim alleged in THis complaint THis DefendanT was Acting Under color of STATE LAW.

THE Defendant PAMELA CHRISTEE was In violation of my Eigth Amendment.

ON 7-1-02 Officer CHRISTEE DEliberately Allowed Inmate Wendal Mclean To Assault Me for A 2nd Time By Manually Releasing My Self and cellmate John TRUESDALE from A Reck Holding CAGE THEN By PASSing Several RECK Holding CAGES And Releasing Inmate Wendal Mclean. Officers CHRISTEES Actions in Doing THis Recklessly DisReGArded Plaintiffs SAfety prior To Releasing Plaintiff and His Assaulter Officer CHRISTEE Questioned Plaintiff why He and Mclean Been Placed on Seperation.

3. DEFENDANT LEEN COMONO is A Citizen of THE United STATES Whose Address is 1153 EAST ST. SOUTH Suffield ct. 06078 and who is employed as a Correctional officer at THE WALKER Correctional FACility.

AT THE Time OF THE Claim alleged in THIS Complaint THIS Defendant was Acting Under color of STATE LAW.

THE DEFENDANT LEEN Comono was in Violation of THE Plaintiff's EigTH Amendment.

4. LEEN Comono AT THE Time of THE 7-1-02 incident WAS Unit Manager of THE B-1 Unit At WSM Facility and in CHARGE of all Cell Ocupation at wich Time He Did not TAKE Besponsability in Seperating And inforcing THE STRICT Seperation STATUS Plaintiff and inmate Wendal Mclean were Placed As BOTH inmates were Housed in THE B-1 Unit ONe cell from EACH OTHer wich led To BOTH inmates on THe Seperation order AT BECK Simultaneously Plaintiff Ocupied cell 32 and inmate Wendal Mclean Housed in Cell 34 wich THey were Released To Recs in wall officer CHRISTEE Deliberatly Released THem from A Beck CAGE Manually Unlocking Plaintiffs RECK CAGE THen Inmate Mcleans who THen for 2nd Time Assalted and injured Plaintiff.

5. PRISON officials MAY be held liable if THEY fail To act on a specific warning of DANGER TO A PARTicular Prisoner. However, SUCH A Specific warning is not necessary. THE Supreme COURT has held That "The failure To Give advance notice is not dispositive" If THere IS OTHER Evidence THAT prison officials Know of THE RISK.   "Please see"

YOUNG v. ~~████████~~ Quinlan, 960 F.2d 351, 363 (3D Cir. 1992) "Prison officials should, at a minimum, investigate each allegation of violence or THREAT of Violence"; Hendriks v. COUghlin, 942 F.2d 109, 111-12 (2d Cir. 1991); Roland v. Johnson, 856 F.2d 764, 770 (6th Cir. 1988);
FARMER v. Brennan, 114 S.Ct. at 1984; Richardson v. Penfold, 839 F.2d 392, 395-96 (7TH Cir. 1988); Gullatte v. POTTS, 654 F.2d 1007, 1013 (5TH Cir. 1981).

6. Several COURTS HAVE Held THAT failing TO Seperate Prisoners who have fought in THE PAST CAN Constitute Deliberate Indifference.
In some CASES, lower COURTS have held THAT deliberate indifference may Be SHown by a "series of incidents closely related in Time" or by "systematic deficiencies in sTaffing, facilities or procedures THAT make suffering inevitable.  "Please see"

6 cont..

Morales v. NEW YORK STATE Dept. Of Corrections, 842 F.2d 27, 30 (2d cir. 1988); FRETT v. GovernmenT of Virgin Islands, 839 F.2d 968, 978 (3d cir. 1988); Pressly v. HUTTO, 816 F.2d 977, 978-79 (4th Cir. 1987); Holmes v. Goldin, 615 F.2d 640, 645 (8Th cir. 1989).

FARMER v. Brennan._ U.S. _, 114 S.Ct. 1970, 1982 (1994) ("it does not matter.. whether a prisoner faces an excessive Risk of attack for reasons personal to him or Because all prisoners in his Situation face SUCH A Risk."); LAMarca v. Turner, 995 F.2d 516, 519 (2d cir. 1986) ("Deliberate indifference could be found Based on failure to protect from the "General danger arising from a prison environment that Both Stimulated and Condoned violence.")

Butler v. Dowd, 979 F.2d 661, 675 (8th Cir. 1992) (en banc) ("RANDOM Housing assignments of vulnerable prisoners and Obstacles to admission to Protective Custody);
* Stokes v. Delcambree, 710 F.2d at 1124-25 (lack of observation by STaff Acceptance of fighting.

John Hundley
By LeRoy Hundley
LETROY HUNDLEY
WAllker correctional facility
1153 EAST ST. SOUTH

Page

Redacted

MEMORANDUM OF LAW IN SUPPORT Plaintiff's
Motion DELiberate Indifference

Plaintiff HAS showed that PRISON officials displayed
deliberate indifference and Recklessly disregarde for
His SAfety By failing To acct "REASONBly", in Responce
To DANGER "Please see".

FARMER V. BREnnez, US. 114 S.C.T. 1970, 1978-81 '1994',
accord, GOKA V. Bobbit, 862 F.2d 646, 651 '7TH Cir 1988'
'THe Constitution is violated "where defendants Know of the
DANGER or where THe THREAT of violence is so suBStantial
or pervasive that their Knowledge could Be inferred.
and yeT deffendants fail To enforce a policy or Take
other Reasonable STeps wich may Have prevented
the Harm".

                                    By x [signature]
                                    LETROY HUNDLEY
                                    115 3 EAST ST, SOUTH
                                    Suffield ct, 06078

PLAINTiff LETROY HUNDLEY PRO, Se HAVE
filed A 1983 Civil RighTs LAW suit AGAinst
THE DEfENDANTS. PlainTiff Contends THAT THE
facTs are so over Culhelming in suPPort of
THE Allegations Wich He fowarded in the interest
of Justice and expedience That Would Heavly
favor the Plaintiffs Claim.

ExhiBit 1 noted As Exhibit AA
        IS THe initial Seperation order in placed
After THE 2-27-02 Incident. THis order of Protection
Clearly STATES THAT Exhibit is A STRICT seperation
Issue and serious Consequences could Arise
if The Plaintiff and his Previous Assaulter Have
any Contact, Exhibit all so STATES Control As well
As Block officers sHould cHeck with EACH other
Whenever Either Prisoners are released from
there Respective Housing Units for any Reason.
Officer CHRISTee DisRegarded Her orders.

ExhiBit 2 noted as Exhibit AB
        Is A Incident RePort filed By officer
CHristee On 7-1-02 THE DAy of THE incident in
Question. Officer CHRISTee in THis STATEment incident
RePort Gives Her own aulmitence To opening THE first
Reck cAGe Wich WAS ocupied By THE Plaintiff and THen
Gong To say sHe Proceeded To THe Corner, WHaT officer

Exhibit 2 cont

CHRISTEE DOES not mention in her Report Is THAT She followed PRocedure and cHecked with control or Her fellow officers William Googe or GilberTo LAUREANO Apon Releasing Plaintiff or His Prior Assaulter.

Exhibit #3 Noted as Exhibit AC

Is A incident RepoRT filed By Unit Manager & CAP. LEEN Comono on 7-1-02. ON 2-27-02 CAPT. Comono Points out in His STATEMENT Plaintiff WAS Placed on A STRICT Seperation order NOT Be in ContacT with Previous Assaulter Wendall Mclean. CAPT. Comonos further STATEments incur THAT STAff Being officer CHRISTEE In advertently Released BOTH inmates.

CAPT. Comono Concludes his STATements By adding THE P.OD Video CAmera Did not CapTure THE incident of 7-1-02.

PRO.Se's ArgumenT of DeliBerate indeference Could Be Clearly PRoven With THis Key Evidence wich would Be factual Evidence BAsed on PRO Se's argument officer CHRISTEE'S ActIons on 7-1-02 were in deed DeliBerate Reckless & Excessive.

PRO.Se Argues THAT THE MEAR fact THAT SUCH An IncidenT not Bee CAptured By Security CAmeras for THe 13-1 Reck yard SHows indifference and dis regard for SAfety. officer CHRISTEE By not Comunicating with fellow STAff Placed PlainTiff in Harms way. Prior To Releasing BoTH inmates CHRISTEE Asks Plaintiff Why He and Mclean WAS on cont...

Cont.. from Exhibit 3 -

A Seperation list after wich she proceeded To Release Plaintiff and Inmate Mckean manualy and intervine only after 2nd Assault and Injuzys Tooks Place.

P.B.O.se Argues THE Seccrity CAmeras in Question would Have Provided Material factual Evidence in favor of THe Plaintiff.

Exhibit #4 noted As Exhibit AD

Is A incident Report filed By LT. CHRISTopher PRICE. At THe Time of THe incident, A Superuisoz Lt. Of officer CHRISTEE AT WAlker correctional. IN LT. PRICE'S STATEMENT...
He STATES In His closing Remarks He Believed THat "If STAFF HAD Enforced THe Seperation Issue, THERE would HAVE NOT Been A CODE Blue", wich Ultimately inturn Became A 2nd Assault on THe Plaintiff By Wendal Mcclean.

Lt. Price's last statement Should Raise THe Question To THe Court Respectfuly and A Juzy wether or not THe Seperation STATUS was indeed Handled Efficiently And if officer CHRISTEE indeed DeliBeratly Released Plaintiff and His Prior Assaultez.

Exhibit #5 noted As Exhibit AE

Is A MEDICAL ASSesment of THE WAlker correctionns medical STAFF NOTing all Injuzys Sustained on THe 7-1-02 Assault Sighned By Doctor Noting BACKS Pain, muscle SpAsms in THe NECKs.

Exhibit #6 noted AS Exhibit AF

IS A medical Assesment street Noting what caused Injurys describing Assault AS Altercation. Exhibit All so Notes Plaintiff Had Swelling and open AREAS To BACK & left Side of THe Head. Exhibit All so STATES medical STAff Aplied Ice.

Exhibit #7,8,9

A PfE ~~Enters~~ Exercises Provided By THE NORTHERN Corectional medical STAff for NECK Spasms, NECK strain, & Lower Back Pain WICH Remains ACCURING.

PRO.se Argues Due To His Acrueing Injuries Suffered on 7-1-02 TRial DATE SHould Be SET. Respectively By THe CouRT.

By: _____

LETROY HUNDLEY
1153 EAST ST. SOUTH
SUffield Ct. 06078

Exhibit #10 noted As Exhibit-AJ

Is A copy of The Seperation Issue on 2-27-02
This copy Is A smaller version of The Actual Bullentin
Board Placed in THE B-1 officers POD. EACH officer
Apon Releasing inmates MUST check Bullentin Board.
Officers procedure if not followed could result in ATTACKS.
Officer CHRISTEE Her self Has in THE Past checked This
list for it is procedure, officer CHRISTEE was very aware
of This list on 7-1-02 for Before Releasing, Plaintiff
She Addressed The issue of The Plaintiff Being on The
Board noting His Seperation Issue with Inmate
Wendal Mcclean who Had prior Assaulted Plaintiff.
The seperation Sheet Also indicates How close
Plaintiff and Prior Assaulter Inmate Wendal Mclean
were prior To 7-1-02 indicating Plaintiff Hundleys
Cell As Being B1-32 cell and Inmate Mclean who As
Early As 2-27-02 which is five months Earlier Assaulted
Plaintiff visiously Biting Him. Arguement is of THAT of
Morales V. NEW YORK STATE Dept. of Corrections, 842
F.2d 27.30 (2dcir. 1988): Clearly STAFF Did not Take
THREAT imposed on Plaintiff Seriously and in doing did
not Take proper measures in making Sure Plaintiff
was Seperated from H.S Prior Assaulter Inmate
Wendal Mclean who Had several Assaulting Charges AS
well AS A more violent History.

Exhibit 1 AA

# SEPARATION ISSUE
## Walker Building

Date: 2-27-02

ALL STAFF ARE ADVISED THAT INMATE <u>Hundley, Letroy</u> # 274106 IN <u>B-43</u> IS NOT TO HAVE ANY CONTACT WHATSOEVER WITH INMATE <u>McClean,</u> IN <u>RHU # 11</u>. THIS MEANS THAT THEY ARE NOT TO BE RELEASED TO MEDICAL OR TO VISITING TOGETHER FOR ANY REASON WHATSOEVER. THIS IS A STRICT SEPARATION ISSUE AND SERIOUS CONSEQUENCES COULD ARISE IF THESE INMATES HAVE ANY CONTACT WITH EACH OTHER. BOTH <u>RHU</u> AND <u>A&P</u> CONTROL SHOULD CHECK WITH EACH OTHER WHENEVER EITHER OF THESE INMATES DEPART THEIR RESPECTIVE HOUSING UNITS FOR ANY REASON!! MAIN CONTROL/VISITING STAFF SHOULD ENSURE THE SAME FOR VISITS FOR THESE INMATES. IF ANY STAFF HAVE ANY QUESTIONS CONCERNING THIS MATTER, THEY SHOULD BE BROUGHT TO A SUPERVISOR IMMEDIATELY.

Lt. _____
**Signature of Staff Member Initiating This Separation**

Reason for Separation:
I/m McClean # _____ assaulted I/m Hundley #274106 in B-43

cc:  Warden Murphy
     Major Carter
     All Supervisors
     A&P Control
     RHU Control
     Main Control
     Admitting/Processing

     Medical
     Assessment
     Visiting
     Counselor Supervisor Curtiss
     Counselor Supervisor Senecal
     Captain's Office
     Deputy Warden Murdoch

Individual

] Summary

## INCIDENT REPORT—Page 1
### Connecticut Department of Correction

CN6601
3-8-96

| Facility/CSO MacDougal/Walker Walker Building | Incident Location B Rec Yard | Report no. |

| Prepared by C/o Christie, Pamla | Title C/o | |

| Incident class ☐1 ☐1a ☐2 ☑3 | Type A | Time Approxus ☐a.m. ☑p.m. | Report date 7-1-02 |

| Inmate name (last and first) | Hsg unit | Race | ID no. | Status | Staff name (last and first) | Race | Title | Status |
|---|---|---|---|---|---|---|---|---|
| Huntley, Leteay | B-32 | B | 274106 | S | Christie, Pamla | B | C/o | R |
| McClean, Windell | B-34 | B | 269577 | S | Laureano, Gilberto | H | C/o | EW |
| | | | | | Chambers, Uriah | B | C/o | EW |
| | | | | | Googe, William | B | C/o | EW |
| | | | | | Echevarria, Carmen | H | C/o | EW |
| | | | | | Price, Christopher | LU | LT | EW |

Status code: V = victim, S = suspect, E = escape, R = first employee responder, W = inmate witness, EW = employee witness

Race code: W = white, B = black, H = hispanic, N = native american, O = other

Narrative: On 7-1-02 C/o Laureano stated to me. C/o Christie to start Bringing Inmates in because there recreation time was complete. I began to release Inmates from the First cage when I reached the corner I heard "Fight" I ran over to where the incident was called A code Blue, Inmates McClean #269577 and Huntley #274106 were locked up Fighting I proceded to break up Fight when responding staff arrived and secured Both Inmates. I then completed securing rec inmates in there Cells

Reporting employee Signature Christie, P

Title C/o

Date 7-1-02

### FOLLOW UP

| Property damage n/a | | Value $ n/a |
| Contraband Recovered n/a | | |

| Physical force yes | Chemical agents | Restraints n/a |

Assigned to:
☐ Protective custody
☑ Administrative detention
☐ 15 – minute watch
☐ Isolation
☐ Outside hospital
☐ Other :
☐ Medical

# Incident Report – Page 2
## Connecticut Department of Correction

CN 6601
3-8-96

## CONTACTS

| | | | |
|---|---|---|---|
| Unit administrator | Date | Time | ☐ a.m. ☐ p.m. |
| Central office | Date | Time | ☐ a.m. ☐ p.m. |
| Outside agency | Date | Time | ☐ a.m. ☐ p.m. |
| Police | Date | Time | ☐ a.m. ☐ p.m. |
| Fire | Date | Time | ☐ a.m. ☐ p.m. |

## OTHER ATTACHED REPORTS

| | |
|---|---|
| Use of force  x5 | Medical incident  x 2 |
| Disciplinary  x 2 | Other (specify) |

## CRIMINAL PROSECUTION

If a staff member was assaulted during the incident, is criminal prosecution requested     ☐ Yes   ☐ No

CT State Police
Investigation no.

**Shift supervisor review:** Be advised both inmate were placed on separation on 2-27-02 for a previous altercation. Staff inadvertently released both inmates simultaneously. At this point each inmate is accusing the other of being the instigator of the altercation. The incident was not captured of the pod video camera. Both I/M's were removed from the Unit, seen by Medical & MHU staff and placed in RHU pending DR for fighting.

Signature R. Camano (L. CAMANO)   Title Capt   Date 7/1/02

**Unit administrator review:** Capt. Camano to follow up on inmate discipline and A/S package for both inmate due to failure to complete CD program after 6 months. MCAT 7/1/   As above.

Signature [signature]   Title Warden   Date 7-3-02

**Central office review:**

Signature   Title   Date

(24)



# Incident Report – Supplemental Page 3
## Connecticut Department of Correction

CN 6601/3
REV 4/4/02

| Facility/CEO  MWCI-Walker Building | Incident location  B rec yard | Report no. |
|---|---|---|

Incident class ☐ 1  ☐ 2  ☒ 3  Type  A

Date  7-1-02   Time  1:45  ☐ a.m. ☒ p.m.

Prepared by  Price,Christopher R.

Title  Correctional Lieutenant

Additional narrative:  This writer responded to a Code Blue in B1. Inmates Hundley #274106 B-32 and McClean #269577 B-34 were involved in a physical altercation in the B rec yard. This writer witnessed that inmates McClean and Hundley were separated already, and inmate Hundley was restrained. This writer applied restraints to inmate McClean without incident. This writer instructed staff to secure the inmates inside the pod, to facilitate the escort to RHU of both involved inmates. This writer supervised the escort of inmate McClean to Medical for evaluation. (see cn6602) On the completion of the evaluation, inmate McClean was escorted to RHU. Once inside the S101 door, inmate McLean was strip searched and placed into RHU #10 without further incident. Inmate Hundley was subsequently placed into RHU #8 without incident. Both inmates were seen by MHU staff, as per protocol. Both inmates received DR's for Fighting. The escorts of both inmates were videotaped and labeled as WR02-131, and stored as evidence. This writer ensured both inmates were seen by Medical staff. (see cn6602's) There was no separation order completed, as there already is one in place. There were no staff injuries reported. This writer believes that if staff had enforced the separation issue, there would have not been a Code Blue.

| Reporting employee signature | Title  LT. |
|---|---|

Report date  7-1-02   Report time  1:45  ☐ a.m. ☒ p.m.   Type ☐ Individual ☒ Summary

University of Connecticut Health Center
John Dempsey Hospital
Department of Radiology
(203) 679-2784
DIAGNOSTIC RADIOLOGY
CONSULTATION REQUEST
HCH 576

Hundley # 274106

Exhibit 5 A B

| Unit No. | |
|---|---|
| Admission No. | |
| Requesting Physician (print) | Skate-Feinberg DPn |

| Date of Birth | Sex | Pregnant |
|---|---|---|
| 4, 8, 77 | X M  F | [ ] Yes  [ ] No |

Patient's Telephone
Home  860-763-8608   Business

**(PLEASE PRINT CLEARLY)**

## TO AVOID SCHEDULING DELAY, PLEASE COMPLETE ALL SECTIONS OF THIS PAGE.

| Unit/Service | To Radiology Via | Date Exam Scheduled: / / |
|---|---|---|
| | [ ] Chair  [ ] Stretcher  [ ] Bed  [ ] Portable | Time / A.M. P.M. |
| Does patient have: | | Previous Radiologic Exams |
| [ ] I.V.  [ ] O₂  [ ] Monitor  [ ] Ventilator | | [ ] Yes  [ ] No   OOLX |
| Referring Physician's Telephone | Referring Physician's Address | |

Previous Radiologic Findings: _____ ⊖ _____

Presenting Signs & Symptoms: Back pain, neck pain —
muscle spasms - neck —
Lx MVA - Lit - Telephone Poly

Provisional Diagnosis: R/O discopathy

Allergies: NKDA          REQUESTING PHYSICIAN'S SIGNATURE _____ DPn

### RADIOLOGY EXAMINATION REQUESTED:

| | | |
|---|---|---|
| [ ] Chest (PA and Lat.) | [ ] Skull | [ ] Barium Swallow |
| [ ] Ribs  Rt./Lt./Bilat. | [ ] Sinuses | [ ] UGI Series |
| [ ] Pyelogram (IVP) | [ ] Cervical Spine | [ ] Oral Cholecystogram (GB) |
| [ ] Abdomen (KUB) | [ ] Thoracic Spine | [ ] Small Bowel |
| [ ] Abd Series (Supine w/Erect) | [ ] Lumbar Spine | [ ] Barium Enema |
| [ ] Extremities (specify) | [ ] Other (specify) | [ ] Mammogram |
| | | [ ] Hysterosalpingogram |
| | | [ ] Arthritic series (specify) |

CONFIDENTIAL INFORMATION
The confidentiality of this record is required by
Chapter 823 of the Connecticut general statutes. The
material shall not be transmitted to anyone without the
written consent or other authorization as provided in
the aforementioned statutes.

### (FOR RADIOLOGY USE ONLY)

| | |
|---|---|
| Exam. | |
| Cm. | |
| Kvp. | |
| Mas. | |
| Dist. | |
| Screens | |
| Tech. | |

DEPARTMENT OF RADIOLOGY ONLY

Case 3:02-cv-01663-RNC    Document 63    Filed 07/12/2004    Page 18 of 24

| Facility | CI-WB | Report date | 7/1/02 |
|---|---|---|---|

| Inmate name | Hudley, Letroy | Time | 55 | ☐ a.m. | ☑ p.m. |
|---|---|---|---|---|---|

| Staff name | | I.D. no. | 274106 |
|---|---|---|---|

| Incident report submitted | ☐ Yes ☐ No | Number | | Date |
|---|---|---|---|---|

**Treatment location:** Seg. Exhibit #6 AE _Letroy Hudley_

**Injury description (must be completed if no other report):**
I/m involved in altercations in B-1. I/m states, " I hit my head against the wall."

**Diagnosis:**

**Treatment administered:** Ice Applied

**Required follow-up:** As Needed

**Placement after treatment**    Per Custody

**Observations/remarks:** Ø Swelling noted, Ø discoloration noted, Ø open areas noted to back Ⓛ side of head.

| Patient signature | Unable to sign d/t handcuffs | Date | 7/1/02 |
|---|---|---|---|
| Medical staff signature | Christine Doe R.N. | Date | 7/1/02 |
| Custody supervisor signature | | Date | |

# Neck Strain Rehabilitation Exercises

Do these exercises only if you do not have pain or numbness running down your arm or into your hand. Exercises 1 through 4 are meant to help your neck remain flexible. Exercise 5 will help you maintain or regain your range of motion.

1. Neck range of motion exercises



   A. Neck rotation: Sit in a chair, keeping your neck, shoulders, and trunk straight. First, turn your head slowly to the right. Move it gently to the point of pain. Move it back to the forward position. Relax. Then move it to the left. Repeat 10 times.

   B. Neck side bend: Tilt your head so that your right ear moves toward your right shoulder. Move it to the point of pain. Then tilt your head so your left ear moves toward your left shoulder. Make sure you do not rotate your head while tilting or raise your shoulder toward your head. Repeat this exercise 10 times in each direction.

   C. Neck flexion: Bend your head forward, reaching your chin toward your chest. Hold for 5 seconds. Repeat 10 times.

   D. Neck extension: Bring your head back so that your chin is pointing toward the ceiling. Repeat 10 times.

   Neck range of motion exercises

2. Upper trapezius stretch: The upper trapezius muscle connects your shoulder to your head. Sitting in an upright position, put your right arm behind your back and gently grasp the right side of your head



   Upper trapezius stretch

   with your left hand to help tilt your head toward the left. You will feel a gentle stretch on your right side. Hold for 20 seconds. Repeat 3 times on each side.



Scalene stretch

3. Scalene stretch: This stretches the neck muscles that attach to your ribs. Sitting in an upright position, clasp both hands behind your back, lower your left shoulder, and tilt your head toward the right. Hold this position for 20 seconds and then come back to the starting position. Lower your right shoulder and tilt your head toward the left until you feel a stretch. Hold for 20 seconds. Repeat 3 times on each side.

Exhibit B A.L.

# Neck Spasm Rehabilitation Exercises



**Forward**



**Right**



**Left**
**Neck flexion**



**Right**



**Left**
**Ear to shoulder**



**Right**



**Left**
**Neck rotation**

1. Neck flexion forward: **Clasp** your hands behind your head and let the weight of your arms **pull** your chin to your chest. Relax. Hold for a count of 10. Do this 3 times.

2. Neck flexion, right side: Turn your head to the right and clasp your hands behind your head. Let the weight of your arms pull your chin to the right side of your chest. Relax. Hold for a count of 10. Do this 3 times.

3. Neck flexion, left side: Turn your head to the left and clasp your hands behind your head. Let the weight of your arms pull your chin to the left side of your chest. Relax relax. Hold for a count of 10. Do this 3 times.

4. Ear to shoulder, right side: Lean your right ear toward your right shoulder. Reach your right arm over your head and place your fingers over your left ear. Gently pull your head toward your right shoulder. Hold for a count of 10. Do this 3 times.

5. Ear to shoulder, left side: Lean your left ear toward your right shoulder. Reach your left arm over your head and place your fingers over your right ear. Gently pull your head toward your left shoulder. Hold for a count of 10. Do this 3 times.

6. Neck rotation, right side: Rotate your neck by looking over your right shoulder. Lift your right hand and place your palm on the left side of your chin. Push your chin with your palm toward your right shoulder. Hold for a count of 10. Do this 3 times.

7. Neck rotation, left side: Rotate your neck by looking over your left shoulder. Lift your left hand and place your palm on the right side of your chin. Push your chin with your palm toward your left shoulder. Hold for a count of 10. Do this 3 times.

© HBO & Company

*Exhibit G AF certify dready*

# Low Back Pain Rehabilitation Exercises



**Double knee to chest**

7. Double knee to chest: Again, do a pelvic tilt and now pull both knees up to your chest. Hold for 5 seconds and repeat it 10–20 times. You may need to lift one leg at a time until your stomach muscles get stronger.



**Lower trunk rotation**

8. Lower trunk rotation: Do a pelvic tilt. Keeping shoulders down flat, gently rotate the knees to one side, then the other, as far as you can. Repeat 10–20 times.



**Piriformis stretch**

9. Piriformis stretch: Lie on your back as shown. Pull one knee up and across your trunk so you feel a comfortable stretch in the top buttocks and back. Hold for 5-15 seconds and repeat 5-10 times on each side.

You can modify this exercise by reaching for your knee with the opposite hand and keeping your shoulders flat on the floor. Pull your knee over as far as you can allowing your trunk to rotate.

© HBO & Company

Exhibit # 10

LIEUTENANT'S COPY

**MACDOUGALL – WALKER (Walker Building)**
**SEPARATION ISSUE REVISED 6/21/02**

| | | | | |
|---|---|---|---|---|
| 5. Hundley #274106 | B1-32 | FROM | McClean #269577 | B1-34 |

mq

cc:  Warden Murphy     Major Matos     Major Carter     Major Kearney     Main Control     Captain Burke
Beth Senecal     A&P     Paul Curtiss     Visiting     Mental Health     Dental     Counselor Cordeiro
Lt's Office     CTO's     Records     Captain's Office     All Control Centers     Medical     Education     Segregation
Captain Camano     Captain Cummings     Kitchen Officer     Assessment/Medical Rover     Religious Services
Counselor Massa

UNITED STATES DISTRICT COURT
DISTRICT of Connecticut

PRO. se

By_____

LETROY HUNDLEY

CARL ROBINSON Correction Inst

285 Shaker RD.

Enfield Ct. 06082

I Here By Certify That A copy of The foregoing WAS Sent
By Mail Postage Prepaid To following on This _7Th_ DAY of
July 2004:

LYNN D. Wittenbrink
Assistant Attorney General
110 Sherman Street
HARTFORD CT 06105

By_____
LETROY HUNDLEY

NOTE TO THE CLERK

TO WHom it may concern:

ON July 7TH I LETROY HUNDLEY CALLED THE HARTford federal couRT clerks office And Inquired ABOUT An Amended Complaint I forwarded Between The 8 and 10 of JUNE WicH WAS DUE in court By THE 30TH of JUNE. On THAT DAY of The 7TH I WAS informed By A Clerks Receptionest BARBRA (No last NAme Given) That No SUCH Amended Complaint Showing THese DATES were filed in THe COMPUTER and THAT it would Be Best To Refile THe Complaint WicH on This DATE I HAVE.