UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Plaintiff                                    DATE 10-14-04
LETROY HUNDLEY '274106'          3:02CV1663'RNC' DFM
    VS.
PAMELA CHRISTEE

FILED

Motion for REQUEST for Admission
UNDER RULE 36.'a' Plaintiff respectfully files
Request for admissions. Citing These Questions & ISSUES.

① Request for admissions #1 Plaintiff would like Defendant
To Explain D.O.C Procedure FOR Releasing Inmates who
Have Had Prior Altercations & Placed on Seperation Issue
To & From Rec., Visits, & Medical. As STATED In Lt. Garvey's
Seperation Issue on 2-27-02, Exhibit A

② REQUEST for addmissions #2 Plaintiff would like Defendant
To Answer wether or not she followed THE Procedure Explained
in Exhibit A By Lt Garvey Prior To Releasing Plaintiff and Prior
Assaulter Wendal Mclean on 7-1-02.

③ REQUEST for admissions #3 DEFENDANT In Interrogatorie
Questioning Admits To THERE Being A Bullentin Board Located
in THE Officers Room indicating inmates that are not to be allowed
near one another for Safety and Security Reasons In Question
#4, #5, Exhibit B. When Asked Did she consider Safety of an inmat
a Priority Defendants Response Was Yes. In Question #6 Exhibit

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Plaintiff

DATE 10-14-04

LETROY HUNDLEY '274106'

3:02CV1663'RNC'DFM'

VS.

PAMELA CHRISTEE

Motion for REQUEST Admission UNDER RULE 36.(a)
Plaintiff respectfully files Request for admissions. citing
These Questions & Issues. Cont-

(3) REQUEST for admission #3 continued- IN Question #8 Exhibit 3
When Asked To Explain D.O.C Procedure for Housed inmates
Who Have Had Previous altercations Defendant Responded By
Stating A Seperation order Would Be Issued. In Question
#9 Exhibit 3 Defendant is asked THE Procedure in Handleing Both
Plaintiff and Prior Assaulter Inmate Mclean ON 7-1-02 THE
Noted date of A 2nd Incident Involving Two Seperated Status
Inmates. Defendant Objected to this inquiry an indicated That if
There Did exist a Seperation order.
IT IS THE Plaintiffs Opion of fact THAT ~~Defendant~~ Defendant Had
Knowledge of THE Seperation order Because of Her Acknowledge-
ment of D.O.C Procedure of A Seperation order Status, Knowledge
of THE Seperation Board & Defendants Acknowledgement of THe
location of The Seperation Board and Defendants Consideration of
THe SAfety of an inmate.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Plaintiff
LETROY HUNDLEY '274106'

VS.

PAMELA CHRISTEE

DATE 10-14-04
3:02CV1663'RNC' 'DFM'

Motion for REQUEST for Admission
UNDER RULE 36.'a' Plaintiff respectfully files REQUEST for admissions. Citing these Questions & ISSUES. Cont.-

④ REQUEST for addmissions #4 Defendants failed ON Production of Documents to forward written Policies, directives & instructions to staff concerning seperation issues involving inmates who have Had prior altercations or who have assaulted other inmates. Plaintiff would like Evidence To Show Defendants disregard for Supervisors STRICT orders and Dept. of Corrections Seperation Procedure.

⑤ REQUEST for addmissions #5 Defendant failed ON Production of Documents to forward Any logs, lists or other documents placing officer CHristee in WAlker Corrections Segregation Unit Between July 1 2002 and July 4, 02. THis Document would give cause To Argue Plaintiff's Claim To A conversation Defendant HAD stating Plaintiff Should Take responsibility for incident on 7-1-02.

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Plaintiff                                            DATE 10-14-04

LEROY HUNDLEY '274106'                   3:02CV1663'RNC' 'DFM'

VS.

PAMELA CHRISTEE

Motion for REQUEST for Admission
UNDER RULE 36.'a' Plaintiff respectfully files
REQUEST for admissions. Citing these Questions & Issues.
Continued-

⑥ REQUEST for admissions #6 Plaintiff would like DEFENDANT TO Answer TO wether or not at the time of THE Incident on 7-1-02 in wich Plaintiff's rights were violated & Injured WAS SHE on Alcohol Medication or Drugs?

⑦ REQUEST for admissions #7 Plaintiff would like DEFENDANT TO Answer TO IF SHE HAS Any DAmestic Disputes convictions or complaints History with THE HARTFORD Police Dept. or Any Connecticut LAW Enforcement Agencies?

⑧ REQUST for addmissions #8 Plaintiff would like Defendent To RESPond To wether or not SHE HAD Any Personal Vendettas Toward THE Plaintiff or Inmate Wendel Mclean THAT would CAUSE DEFENDANT TO not follow Seperation, D.O.C, Supervisor, & Administrative, Dir for SEPERATION ISSUE STATUS Inmates?

PlAINTiff LETROY HUNDLEY PRO,SE HAS filed A 1983 Civil Rights law suit against the defendants.

Plaintiff contends that the facts are so over whelming in support of the Allegations wich he forwarded in the interest of Justice and Expedience THAT would Heavyly favor the Plaintiff's claim.

① Exhibit A. IS In favor of THE facts DISCUSED In REQUEST FOR Addmissions #1 LT. GARVEY SEPERATION ISSUED on 2-27-2. SEPERATION ISSUE DEfines STAFF PROCEDURE ON RELEASing SEPERATION STATUS Inmates.

② Exhibit B. DIMENSTRATES THE Questions ASKED To THE DEFENDANT PERTaining To LOCATion of Seperation Bullentin Board, REASON for Bullentin Board, & D.O.C PROCEDURE for RELEASing SEPERATION STATUS Inmates AS Well As DEFENDANTS own Admissions During Interrogatories.

Exhibit "A"

# SEPARATION ISSUE
## Walker Building

Date: 2-27-02

ALL STAFF ARE ADVISED THAT INMATE Hundley, Letroy #274106 IN B-43 IS NOT TO HAVE ANY CONTACT WHATSOEVER WITH INMATE McClean, [redacted] RHU #11. THIS MEANS THAT THEY ARE NOT TO BE RELEASED TO MEDICAL OR TO VISITING TOGETHER FOR ANY REASON WHATSOEVER. THIS IS A STRICT SEPARATION ISSUE AND SERIOUS CONSEQUENCES COULD ARISE IF THESE INMATES HAVE ANY CONTACT WITH EACH OTHER. BOTH RHU AND A&P CONTROL SHOULD CHECK WITH EACH OTHER WHENEVER EITHER OF THESE INMATES DEPART THEIR RESPECTIVE HOUSING UNITS FOR ANY REASON!! MAIN CONTROL/VISITING STAFF SHOULD ENSURE THE SAME FOR VISITS FOR THESE INMATES. IF ANY STAFF HAVE ANY QUESTIONS CONCERNING THIS MATTER, THEY SHOULD BE BROUGHT TO A SUPERVISOR IMMEDIATELY.

Lt. [signature]
Signature of Staff Member Initiating This Separation

Reason for Separation:
I/m McClean # [redacted] assaulted I/m Hundley #274106 in B-43

cc: Warden Murphy
Major Carter
All Supervisors
A&P Control
RHU Control
Main Control
Admitting/Processing
Medical
Assessment
Visiting
Counselor Supervisor Curtiss
Counselor Supervisor Senecal
Captain's Office
Deputy Warden Murdoch

(22)



4. The B-1 Unit described as a "POD AREA", is there [a] room for officers in that B-1 Unit?

**Response:** Yes.

5. Is there a bulletin board in the B-1 Unit with a list of inmates that are not to be allowed near each other for safety and security reasons?

**Response:** Yes.

6. Do you consider the safety of an inmate a priority?

**Response:** Yes.

7. Explain how a "Rec" cage in the B-1 Unit area is opened?

**Response:** By a Folger-Adams key.

8. Explain D.O.C. Rules for housed inmates that have had previous altercations as well as the chronic discipline restrictive housing rules for inmates that have had previous altercations?

**Response:** A separation order would be issued.

9. On July 1, 2002, the day of the incident, Inmates Hundley and McClean were housed in cells one away from each other; The Plaintiff in 32 cell and McClean in 34 cell; state the procedure for handling these two inmates?