UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LETROY HUNDLEY | : | PRISONER |
| | : | NO. 3:02CV1663(RNC)(DFM) |
| VS. | : | |
| | : | |
| PAMELA CHRISTEE | : | NOVEMBER 1, 2004 |

## ANSWER AND AFFIRMATIVE DEFENSES AND SET OFF

**A.   PARTIES[1]**

"ALLIGATION 1".   Plaintiff Letroy Hundley is a citizen of the United States who presently resides at Walker Correctional Facility, 1153 East St. South, Suffield, CT, 06078.  Inmate Number 274106.

**ANSWER:**   Deny.

**B.   PARTIES**

"ALLEGATION 2".   Defendant is Pamela Christee is a citizen of the United States whose address is 1153 East St. South, Suffield, CT, 06078 and who is employed as a correctional officer at the Walker Correctional Facility.

**ANSWER:**   Admit.

"ALLEGATION 2a".   At the time of the claim alleged in this complaint this defendant was acting under color of State law.

**ANSWER:**   Admit.

"ALLEGATION 2b".   The defendant Pamela Christee was in violation of my Eighth Amendment.

**ANSWER:**   Deny.

---

[1]   So that it would be clear which of plaintiff's allegations the defendants are responding, defendant set them forth in this answer.

"ALLEGATION 2c".    On 7/1/02 Officer Christee deliberately allowed Inmate Wendal Mclean to assault me for a 2nd time by manually releasing my self and cellmate John Truesdale from a reck holding cage then by passing several reck holding cages and releasing Inmate Wendal Mclean. Officers Christee's actions in doing this recklessly disregarded plaintiff's safety prior to releasing plaintiff and his assaulter. Officer Christee questioned plaintiff why he and Mclean been placed on separation.

**ANSWER:**    Deny.

"ALLEGATION 3".    Defendant Leen Comono is a citizen of the United States whose address is 1153 East St. South, Suffield, CT, 06078 and who is employed as a correctional officer at the Walker Correctional Facility.

**ANSWER:**    The defendant Christee does not admit or deny as "Comono" has been dismissed as a defendant in this lawsuit.

"ALLEGATION 3a".    At the time of the claim alleged in this complaint this defendant was acting under color of State law.

**ANSWER:**    The defendant does not admit or deny as this person has been dismissed as a defendant in this lawsuit.

"ALLEGATION 3b".    The defendant Leen Comono was in violation of the plaintiffs Eighth Amendment.

**ANSWER:**    The defendant does not admit or deny as this person has been dismissed as a defendant in this lawsuit.

"ALLEGATION 4".    Leen Comono at the time of the 7/1/02 incident was Unit Manager of the B-1 Unit at WSM Facility and in charge of all cell ocupation at wich time he did not take responsibility in seperating and inforcing the strict seperation status plaintiff and inmate Wendal Mclean were placed as both inmates were housed in the B-1 unit one cell from each other wich led to both inmates on the separation order at Reck simultaneously plaintiff occupied Cell 32 and inmate Wendal Mclean housed in Cell 34 wich they were released to Reck in wich Officer Christee deliberately released them from a Reck cage manually unlocking plaintiffs Reck cage then Inmate McLeans who then for 2nd time assaulted and injured plaintiff.

**ANSWER:**    The defendant does not admit or deny as "Comono" has been dismissed as a defendant in this lawsuit. Defendant Christee denies intentionally violating separation order.

2

"ALLEGATION 5".  Prison officials may be held liable if they fail to act on a specific warning of danger to a particular prisoner. However, such a specific warning is not necessarry. The Supreme Court has held that "The failure to give advance notice is not dispositive". If there is other evidence that prison officials know of the risk. "Please see" Young v. Quinlan, 960 F.2d 351, 363 (3d Cir. 1992) "Prison officials should, at a minimum, investigate each allegation of violence or threat of violence"); Hendricks v. Coughlin, 942 F.2d 109, 111-12 (2d Cir. 1991); Roland v. Johnson, 856 F.2d 764, 770 (6th Cir. 1988); Farmer v. Brennan, 114 S.Ct. at 1984; Richardson v. Penfold, 839 F.2d 392, 395-96 '7th Cir. 1988); Gullatte v. Potts, 654 F.2d 1007, 1013 (5th Cir. 1981).

**ANSWER:**  The defendant Christie does not admit or deny as these are legal arguments.

"ALLEGATION 6".  Several courts have held that failing to separate prisoners who have fought in the past can constitute deliberate indifference. In some cases, lower courts have held that deliberate indifference may be shown by "a series of incidents closely related in time" or by "systematic deficiencies in staffing, facilities or procedures that make suffering inevitable. "Please see".

**ANSWER:**  The defendant does not admit or deny plaintiff's legal arguments in his complaint.

Morales v. New York State Dept. of Corrections, 842 F.2d 27, 30 (2d Cir. 1988); Frett v. Government of Virgin Islands, 839 F.2d 968, 978 (3d Cir. 1988); Pressly v. Hutto, 816 F.2d 977, 978-70 (4th Cir. 1987); Holmes v. Goldin, 615 F.2d 640, 645 (8th Cir. 1989).
Farmer v. Brennan, _____ U.S. _____ 114 S.Ct 1970, 1982 (1994) (it does not matter whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners is his situation face such a risk."); Lamaraca v. Turner, 995 F.2d 516, 519 (2nd Cir. 1986) (Deliberate indifference could be found based on failure to protect from the "General danger arising from a prison environment that both _stimulated_ and _condoned_ violence.").
Butler v. Dowd, 979 F.2d 661, 675 (8th Fir. 1992) (en banc) (_Random Housing_ assignments of vulnerable prisoners and obstacles to admission to protective custody); *Stokes v. Delcambree, 710 F.2d at 1124-25  lacks of observation by staff acceptance of fighting

**ANSWER:**  The defendant does not admit or deny plaintiff's legal arguments in his complaint.

3

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

The plaintiff failed to exhaust his administrative remedies pursuant to the PLRA.

### *Second Affirmative Defense*

The defendant is entitled to qualified immunity.

### *Third Affirmative Defense*

The plaintiff fails to state a claim upon which relief can be granted.

### *Fourth Affirmative Defense*

The plaintiff claims are precluded by Conn. Gen. Stat §§ 4-141 through 4-164 and § 4-165.

## SET-OFF

The defendants claim as a set-off against any amount the plaintiff might recover the costs of the plaintiff's incarceration in the amount of approximately $37,000.00 per year.

DEFENDANT,
Pamela Christee

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:__/s/_____
Lynn D. Wittenbrink
Assistant Attorney General
Federal Bar No. ct
110 Sherman Street
Hartford, CT  06105
Telephone No. (860) 808-5450
Fax No. (860) 808-5591
E-mail: lynn.wittenbrink@po.state.ct.us

4

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent by first-class mail-postage prepaid to the following on this 1st day of November, 2004:

Letroy Hundley, Inmate No. 274106
Corrigan-Radgowski Correctional Center
986 Norwich-New London Turnpike
Uncasville, CT  06382


    /s/_____
Lynn D. Wittenbrink
Assistant Attorney General