

United STATES DISTRICT COURT

DISTRICT of CONNECTICUT

FILED

2004 DEC -9 A 10: 50

LETROY HUNDLEY

VS

PAMELA CHRISTEE

NO 3:02CV1663 RNC
DATE 12-7-04

U.S. DISTRICT COURT
HARTFORD, CT.

~~___ TO COMPEL~~

PURSUANT TO Fed RULE 37'(a' '3' FED. R. Civ. P./
Plaintiff in THE ABOVED CAPTioned matter
move To file MOTION To Compel for failure
To Reply To Admissions And forward Discovery
REQUEST.

FACT

THE Plaintiff WAS involved in an Altercation
ON 7-1-02 With Inmate Wendal McClean on July 1st
2002. HE BRINGS THis LAW suit Claiming
Officer Pamela CHRISTEE ExHiBited DeliBerate
Indiference When al THAT Time RELEASING
Plaintiff LETROY HUNDLEY from THE 1st RECK
CAGE By PASSiNG 3 RECK CAGES THEN RELEASING
Inmate Wendal McCLEAN WHo on 2-27-02 PReviously
Assaulted THE Plaintiff. AT NO Time PRIOR TO RELEAS-
ING Either Inmate Did Officer CHRISTEE NOTify
fellow STAFF on DUTy of HER Intentions To DO SO or
Escort Plaintiff and SECURE Him In His cell. DEFENDANT
violated Plaintiffs CighTH Amendment By NOT following

United STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 DEC -9 A 10: 50
U.S. DISTRICT COURT
HARTFORD. CT.

LETROY HUNDLEY
        VS
PAMELA CHRISTEE

NO 3:02CV1663
DATE 12-7-04

MEMORANDA OF LAW IN SUPPORT OF A
MOTION TO COMPEL

PURSUANT TO Fed RULE 37 'a' '3' FED. R. CIV. P.
Plaintiff in THE ABOVED CAPTIONED matter
MOVE TO file MOTION TO COMPEL for failure
To Reply To Admissions And forward Discovery
REQUEST.

FACT

THE Plaintiff WAS involved in an Altercation
ON 7-1-02 WITH Inmate Wendal McClean on July 1st
2002. HE BRINGS THIS LAW Suit Claiming
Officer Pamela CHRISTEE ExHibited Deliberate
Indiference When at THAT Time RELEASING
Plaintiff LETROY HUNDLEY from THE 1st RECK
CAGE By PASSING 3 RECK CAGES THEN RELEASING
Inmate Wendal McCLEAN Who on 2-27-02 PREVIOUSLY
Assaulted THE Plaintiff. AT NO Time PRIOR TO RELEAS-
ING Either Inmate Did Officer CHRISTEE NOTIFY
fellow STAFF on DUTY of HER Intentions TO DO SO OR
Escort Plaintiff and SECURE Him In His Cell. DEFENDANT
Violated Plaintiffs EighTH Amendment By NOT following

United STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LETROY HUNDLEY                    NO 3:02CV1663'RNC'
        VS                        DATE 12-7-04
PAMELA CHRISTEE

MEMORANDA OF LAW IN SUPPORT OF A
MOTION TO COMPEL cont.


Cont. STRICT ORDERS OF Lt. GARVEY WHO
PLACED Both Plaintiff and Inmate Wendell
Mcclean On Seperation Order. DEFENDANT
All So failed To follow Department of corrections
STRICT Policy for Department Corrections officers
To Maintain SAfety for Inmates.


    ARGUEMENT
① COMPelled DISCOVERY SOUGHT IS THE
   DISCLOUSURE OF THE B-1 BECK YARD VIDEO
   Surveliance On 7-1-02.


SURVALIANCE TAPE Would Support Plaintiffs
ARGUEMENT THAT DEFENDANT CONVERSATED
with Plaintiff for Several Minutes PRIOR TO RELEASING
Plaintiff and CELL mate At wich Time SHE Questioned
Him about PRIOR ASSAULT. IT Would All SO SHOW
DEFENDANT By PASSing Several BECK CAGES After
RELEASing Plaintiff THEN RELEASing Inmate Mcclean.

United STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LETROY HUNDLEY                          DATE 12-7-04
    VS                              NO 3:02CV1663'RNC'
PAMELA CHRISTEE


MEMORANDA OF LAW IN SUPPORT OF A
MOTION TO COMPEL Cont.


③ cont. Documents would support THE Plaintiffs
Claim THAT DEFENDANT was indeed in
WAlker Corrections Segregation Unit After
THE 7-1-02 Incident In wich THE Plaintiff
filed Claim and Gives Room Argue DEFENDANT
Attempted To Shift Guilt On Plaintiff Stating To
Plaintiff To Take Responsability for incident.


    Exhibits
① Exhibit A Is THE Motion for DISClOSURE OF
B-1 Survaliance TAPE.


② Exhibit B IS Dept. of Corrections JOB Description
PRint out.


③ Exhibit C IS LT. GARVEYS Seperation ISSUE


④ Exhibit D IS REQUEST for admissions for production of
Documents & Admission of Defendant following Dept. of
Corrections Procedure. Admissions 1&2 Pro documents 5

EXHIBIT 1

12-7-04

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

'PLAINTIFF'

LETROY HUNDLEY

V.

DATE: 2004-DEC-27 02

CIVIL NUMBER '03:02 1663
-RNC- DFM-
ADD 50

FILED

CAPT. LEEN COMMONO I/O   BRIAN MURPHY I/O

C.O. PAMELA CHRISTEE I/O

'DEFENDANTS'

### MOTION OF DISCLOSURE FOR VIDIO TAPE of B-1 Reck yard 7-1-02
### -MOTION-

① FILE MEMORANDUM OF LAW & SUPPORT TO My Civil CLAIM
THE COURT HAS JURISDICTION OVER THE PLAINTIFFS
CLAIMS OF VIOLATION OF HIS Federal RIGHTS UNDER
42 U.S.C. 1983

② THE COURT HAS SUPPLE MENTAL JURISDICTION OVER
THE PLAINTIFFS STATE LAW TORTS CLAIM UNDER 28
U.S.C § 1331 And 28 U.S.C 1343 '9' '3'

ARGUMENT· Plaintiff Believes THAT MOTION Requested Supports
His Argument THAT PAMELA CHRISTEE I/O was aware of
THAT Plaintiff and Inmate WENDAL McClean were On Seperation
STATUS And opened Reck cages And Began Second Assault

_Letroy Hundley_

LETROY HUNDLEY

NOTARY: Robyn DiSennaro 11/27/02
my comm. exp. 6/30/08



# Job Description

Classified/Competitive

| Class Code | Pay Plan | Class Title |
|---|---|---|
| 2259 | CO - 07 | CORRECTION OFFICER |

## PURPOSE OF CLASS:

In a Connecticut correctional institution or community correctional center this class is accountable for the confinement, safety, control and monitoring of sentenced and/or unsentenced inmates and security of the facility.

## SUPERVISION RECEIVED:

Works under the general supervision of an officer of higher rank.

## SUPERVISION EXERCISED:

May supervise inmate workers in assigned area.

## EXAMPLES OF DUTIES:

Performs either a concentration or combination of the following functions, depending upon whether duty is on fixed or rotating post assignment:

1.  SECURITY: Performs periodic head count; conducts periodic search of all areas available to inmates; checks all incoming visitors and/or packages and/or mail for contraband; performs pat or strip searches of inmates as needed; secures access points to assigned area; checks area for fire safety and emergency evacuation procedures; monitors all movement through assigned area; transports inmates to and from courts, hospitals, half way houses, other institutions and directed destinations.

2.  INMATE CONTROL: Maintains log of inmate movement into and out of unit and verifies and/or authorizes movement through written (pass) or phone communication with sending and/or receiving staff for such activities as work assignments, counseling sessions, visitors, clinic and dental appointments, court appointments, meals, etc.; directs inmate access to rooms, recreation areas, dining areas, shower and telephone facilities, special group meetings and insures transition is orderly and timely; monitors inmates in above activities and insures discipline and security are maintained; evaluates and reports on inmate performance; participates in directed treatment activities as required; may be required to physically restrain inmates.

3.  ADMINISTRATION: Sets up and/or maintains records relating to admissions, court appearances, property, financial assets, medication, disciplinary actions, living assignments, work assignments, key control, use of force and/or restraint, punitive segregation, etc. in accordance with regulations; insures admissions, transfers and discharges are accompanied by appropriate paperwork; prepares reports and documentation relative to assigned activities; orders and dispenses supplies for assigned area.

4.  COMMUNICATION: Dispenses and collects commissary slips and orders; screens visitors to ascertain if authorized and grants or denies admission on judgment of perceived security risk; responds to emergency requirements in event of fire, escape or call for assistance; handles incidents and crisis situations involving inmates through use of effective oral communication skills; interfaces with related law enforcement personnel; may schedule inmate appointments with counselors, clinics, clergy and school; performs related duties as required.

## MINIMUM QUALIFICATIONS REQUIRED
## KNOWLEDGE, SKILL AND ABILITY:

Considerable interpersonal skills; oral and written communication skills; considerable ability to understand departmental and institutional policies and regulations and apply them fairly and consistently; considerable

Exhibit 6

2-7-04
Exhibit 3

## SEPARATION ISSUE
### Walker Building

Date: 2-27-02

# 274106

ALL STAFF ARE ADVISED THAT INMATE Hundley, Letroy IN B-43 IS NO

TO HAVE ANY CONTACT WHATSOEVER WITH INMATE McClean, #

RHU #11 . THIS MEANS THAT THEY ARE NOT TO BE RELEASED TO MEDICAL O

TO VISITING TOGETHER FOR ANY REASON WHATSOEVER. THIS IS A STRICT SEPARATIO

ISSUE AND SERIOUS CONSEQUENCES COULD ARISE IF THESE INMATES HAVE AN

CONTACT WITH EACH OTHER. BOTH RHU AND A&P CONTRO

SHOULD CHECK WITH EACH OTHER WHENEVER EITHER OF THESE INMATES DEPART

THEIR RESPECTIVE HOUSING UNITS FOR ANY REASON!! MAIN CONTROL/VISITING STAFF

SHOULD ENSURE THE SAME FOR VISITS FOR THESE INMATES. IF ANY STAFF HAVE ANY

QUESTIONS CONCERNING THIS MATTER, THEY SHOULD BE BROUGHT TO A SUPERVISOR

IMMEDIATELY.

LT.

_____
Signature of Staff Member Initiating This Separation

Reason for Separation:

I/m McClean # ____ assaulted I/m Hundley #274106 in B-43

cc:   Warden Murphy              Medical
      Major Carter               Assessment
      All Supervisors            Visiting
      A&P Control                Counselor Supervisor Curtiss
      RHU Control                Counselor Supervisor Senecal
      Main Control               Captain's Office
      Admitting/Processing       Deputy Warden Murdoch

(22)

12-7-04
Exhibit #4

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Plaintiff                                    DATE 12-7-04

LEROY HUNDLEY '274106'                3:03CV1663 'RNC' 'DFM'

vs.

PAMELA CHRISTEE

Motion for REQUEST for Admission
UNDER RULE 36. 'a' Plaintiff respectfully files
Request for admissions. Citing These Questions & ISSUES.

① Request for admissions #1 Plaintiff would like Defendant
To Explan D.O.C Procedure For Releasing Inmates who
Have Had Prior Altercations & Placed on Seperation Issue
To & From Reck. visits, & Medical. As STATED In Lt. Garveys
Seperation Issue on 2-27-02, Exhibit A

② REQUEST for addmissions #2 Plaintiff would like Defendant
To Answer wether or not She followed THE Procedure Explained
in Exhibit A By Lt Garvey Prior To Releasing Plaintiff and Prior
Assaulter Wendal Mclean On 7-1-02.

③ REQUEST for admissions #3 DEFENDANT In Interrogatorie
Questioning Admits To THE RE Being A Bullentin Board Located
in THE officers room indicating inmates that are not to be allowed
near one another for safety and security reasons. In Question.
#4, #5. Exhibit B. When Asked Did She consider Safety of an inmate
a Priority Defendants Response was yes. in question #6 Exhibit B.

12-7-04 ±
Exhibit 4 cont

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

Plaintiff                                        DATE

LETROY HUNDLEY '274106'                3:03CV1663'RNC'DFM'

VS.

PAMELA CHRISTEE

Motion for REQUEST for Admission
UNDER RULE 36.'a' Plaintiff respectfully files
REQUEST for Admissions. citing these Questions & ISSUES. cont:-

④ REQUEST for addmissions #4  Defendants failed ON
Production of Documents to forward written Policies,
directives & instructions to staff Concerning Seperation
issues involving inmates who have Had prior altercations
or who have assaulted other Inmates. Plaintiff would
like Evidence To Show Defendants Disregard for Super-
visors STRICT orders and Dept. of Corrections
Seperation Procedure.

⑤ REQUEST for addmissions #5 Defendant failed ON
Production of Documents to forward Any logs. lists.
or other documents placing officer CHristee in WAlker
Corrections Segregation Unit Between July1 2002 and July4, 02.
THis Document would give Cause To Argue Plaintiffs Claim
To A Conversation Defendant HAd Stating Plaintiff Should
Take responsibility for incident on 7-1-02.