UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LEROY HUNDLEY

VS

PAMELA CHRISTEE

NO 3: 02CV1663 'RNC' 'SDM'

DATE 12-7-04

FILED
2004 DEC 28
U.S. DISTRICT COURT
HARTFORD, CT.

PLAINTIFF REPLY TO DEFENSES AFFIRMATIVE DEFENSE

① DEFENSES first Affirmative DEFENSE
THE Plaintiff failed To Exhaust his administrative remedies pursuant to the PLRA.

PLAINTIFF'S REPLY THAT on 5-25-04 United STATES DISTRICT Judge Robert N. Chatigny DENIED DEFENSES MOTion for Summary Judgment REGARding THE Exhaustion administrative remedies Noteing THE August 1st and September 4th Request Addressed Grievance Counselor Olette STATing The September 4th Request reasonably Being Construed as an appeal for level two Review of Plaintiff having Received no response to his level one Grievance.

Correctional officials replied To Plaintiffs inquiry By STATing that his grievance for the July 1 incident had Been rejected as non-grievable could support an Estoppel. see Rivera v. Goord, 253 F. Supp. 2d 735, 747 'S.D.N.Y. 2003'; Simpson v. Gallant 223 F. Supp. 2d 286, 291-92 'D. me 2002'

UNITED STATES DISTRICT FILED
DISTRICT OF CONNECTICUT

LEROY HUNDLEY

vs

PAMELA CHRISTEE

NO 3:02CV1663RNC 'DFM'

DATE DISTRICT COURT
HARTFORD, CT.

2004 DEC -9 A 10:51

② PLAINTIFF REPLY TO DEFENSES Affirmative
DEFENSE DEFENDANT IS Intitled To Qualified
Immunity

IN Question 5 in DEFENDANTS Interogatorie Questions DEFENT Admitts to Her knowledge of THere Being A Seperation Bullentin Board In THE B-1 Unit as well as Its Location STATED IN Question 4 and Its REASON STATED IN QUESTion 8. In QUESTion 6 WHEN ASKED If Inmate SAfety A PRIOrity of Hers DEFENDANT STATED Yes.

Qualified Immunity PROTECTS Dept of Corrections officials from civil suits ARising from the Performance of THeir discretionary functions WHen THAT Right "DOES NOT Violate CIEARly EstaBlishED STATUTory or constitutional Rights wich A REASONABIE Person would Have known:

DEFENDANTS knowledge of THE Seperation Board, Importance, and Location EstaBlishes THAT SHE WAS Infact aware of Her DUTys on 7-1-02. DEFENDANT IS Only Intitled To Immunity If THE Incident Took Place Inside THE Scope of Her dutty. By NOT Addressing STAff of Her RELEASING THE Plaintiff and By NoT Escorting THE Plaintiff And Insuring

ARGUEMENT THAT By NOT Addressing STAff PRIOR TO THE RELEASE forfeited Her Immunity wich Violated

ASKED Department of Corrections Rules for Housed Inmates THAT HAVE HAD PREVIOUS altercations as well as THE CHRonic discipline Housing Rules [In wich Time DEFENDANT Occupied over BECK As STATED In Her Incident REPORT DATED 7-1-02] of Inmates wHo Have Had PREVIOUS Altercations DEFENDANTS RESPONSE WAS A SEPERATION ORder Would BE ISSUED. DEFENDANTS STATEment Supports Plaintiff's Arguement THAT DEFENDANT WAS Under common Sence. Under common Sence of THE Seperation Board, THE PERPis of THIs Board, THE Common sence of THE LOCATion, Her DUTy To TAke note On wHo might BE On THE Seperation Board And THE Common Sence of BEing Responsible and LIABIE Answers for Plaintiffs. Interogatories. Pertaining To Plaintiff's REPLY TO DEFENDANTS Affirmative DEFENSE TO STATEING A Claim Apon BElief CAN BE GRANTED. Q 8 REPLY

③ Exhibit F IS DEFENDANTS Incident REPORT DATED 7-1-02 PERTaining TO HER RESPONSEABility On 7-1-02.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LETROY HUNDLEY | : | CIVIL NO. 3:03CV1663(RNC)(DFM) |
| v. | : | |
| PAMELA CHRISTEE | : | OCTOBER 7, 2004 |

**DEFENDANT'S RESPONSES TO MOTION TO PRODUCE DOCUMENTS AND ANSWER INTERROGATORIES DATED AUGUST 8, 2004**

**INTERROGATORIES**

1. What is your full name and date of birth?

**Response:** Pamla K. Christie. The defendant objects to the request for the date of birth as not reasonably calculated to lead to the discovery of admissible evidence and as tending to violate the safety and/or security of Department of Correction staff, inmates or facilities.

2. What is the name and address of your present employer and the exact nature of your work?

**Response:** My present employer is the State of Connecticut Department of Correction. See attached Job Description for Correctional Officer.

3. What was the exact nature of your work assignment on July 1, 2002?

**Response:** I was the Correctional Officer assigned to recreation for B1 Pod which housed the Chronic Disciplinary Unit for MacDougall-Walker Correctional Institution.

4. The B-1 Unit described as a "POD AREA", is there [a] room for officers in that B-1 Unit?

**Response:** Yes.

5. Is there a bulletin board in the B-1 Unit with a list of inmates that are not to be allowed near each other for safety and security reasons?

**Response:** Yes.

6. Do you consider the safety of an inmate a priority?

**Response:** Yes.

7. Explain how a "Rec" cage in the B-1 Unit area is opened?

**Response:** By a Folger-Adams key.

8. Explain D.O.C. Rules for housed inmates that have had previous altercations as well as the chronic discipline restrictive housing rules for inmates that have had previous altercations?

**Response:** A separation order would be issued.

9. On July 1, 2002, the day of the incident, Inmates Hundley and McClean were housed in cells one away from each other; The Plaintiff in 32 cell and McClean in 34 cell; state the procedure for handling these two inmates?

2

# Incident Report—Page 1
## Connecticut Department of Correction

☐ Summary

Facility/CSO: MacDougal/Walker — Walker Building
Incident Location: B Rec yard
Report no.:
Prepared by: C/O Christie, Pamela
Title: C/O
Report date: 7-1-02
Incident class: ☐ 1  ☐ 1a  ☐ 2  ☑ 3    Type: A
Time Approx: 1:45   ☐ a.m.  ☑ p.m.

| Inmate name (last and first) | Hsg unit | Race | ID no. | Status | Staff name (last and first) | Race | Title | Status |
|---|---|---|---|---|---|---|---|---|
| Hundley, Leteca | B-32 | B | 274106 | S | Christie, Pamela | B | C/O | R |
| McClean, Windell | B-34 | B | 269577 | S | Laureano, Gilberto | H | C/O | EW |
|  |  |  |  |  | Chambers, Uriah | B | C/O | EW |
|  |  |  |  |  | Googe, William | B | C/O | EW |
|  |  |  |  |  | Echevarria, Carmen | H | C/O | EW |
|  |  |  |  |  | Price, Christopher | W | LT | EW |

Status code: V = victim, S = suspect, E = escape, R = first employee responder, W = inmate witness, EW = employee witness
Race code: W = white, B = black, H = hispanic, N = native american, O = other

Narrative: On 7-1-02 C/O Laureano stated to me C/O Christie to start bringing inmates in because their recreation time was complete. I began to release inmates from the first cage when I reached the corner I heard "Fight" I ran over to where the incident was called a code blue. Inmates McClean #269577 and Hundley #274106 were locked up fighting. I proceded to break up fight when responding staff arrived and secured both inmates. I then completed securing rec inmates in there cells.

Reporting employee Signature: Christie, P
Title: C/O
Date: 7-1-02

## FOLLOW UP

Property damage: n/a
Value $: n/a
Contraband Recovered: n/a
Physical force: yes
Chemical agents: 
Restraints: n/a

Assigned to:
☐ Protective custody
☑ Administrative detention
☐ 15 – minute watch
☐ Isolation
☐ Outside hospital
☐ Other:
☐ Medical

# CERTIFICATION

I HEREBY THAT A COPY OF THE Foregoing was mailed to the following on this 7 DAY OF 12 04

LYNN D. Wittenbrink
Assistant ATTORNEY GENERAL
110 SHERMAN STREET
HARTFORD, CT 06105

By [signature]
LETROY HUNDLEY
CORRIGAN C.I.
986 NORWICH NEW LONDON Tpk.
Uncasville, CT 06382